Vickers, by next friend, *vs.* The Atlanta & West Point Railroad Company.

Where the law raises a presumption of negligence against the defendant by reason of the mere fact that the physical injury was inflicted by means of running its locomotive, and where, owing to special circumstances touching the conduct of the engineer towards the plaintiff, a child of only ten years of age, it is not altogether certain that the presumption is rebutted; and where, on account of the plaintiff's tender years and his consequent immaturity of understanding, he is not amenable to so high a standard of diligence in regard to his own safety as that which adults are obliged to observe, the case made by the plaintiff's evidence is more properly one for the jury than for the court, and a motion for a non-suit should be denied.

Railroads. Non-suit. Before Judge Buchanan. Campbell Superior Court. February Term, 1879.

Vickers, by next friend, brought case against the railroad company for a personal injury, laying his damages at $20,000.00. He alleged, in brief, that he was a minor, about ten years of age ; that the injury was caused by the negligence of defendant's agents in allowing the plaintiff and others to get on and jump off the cars while in motion ; that the engineer who ran the engine that did the injury told the plaintiff to jump on the engine while in motion, and only one or two days before the injury occurred, said engineer put plaintiff on the engine while in motion, and then and there traded and carried on a traffic with plaintiff for ground-peas, and told him to come back on the day of the injury to get his pay, and it was in accordance with such request that plaintiff returned, and in jumping on the engine while in motion, fell, through which the train ran over his left leg, rendering amputation necessary ; that by reason of his tender years he was unable to judge of the danger to himself from such course of conduct.

The facts as sworn to by the plaintiff, made, in substance, this case :

Plaintiff, a little boy between nine and ten years of age,

was in the habit of selling ground-peas, apples, etc., to the passengers and defendant's employes on trains as they passed through the town of Fairburn. Martin was passing through such town, running the engine of a train. He called to plaintiff, who was engaged in selling ground-peas. The train was running very fast, but plaintiff responded to his call, and when he reached the engine the brakeman or fireman took his basket up on the tender, and by the time he had climbed up on the engine they had the ground-peas measured out. Martin offered him his pay in large bills but did not have any small change. Said he would pay him the next time he came up. When the engine stopped plaintiff got off and returned to the cab. He went to the train the next morning, but Martin did not have the change, said he would bring it the next evening. At the appointed time plaintiff went to get up on the engine as it was moving, his foot slipped and he fell under it and was thus injured. The engine was running fifteen or twenty miles per hour when he sold the ground-peas to Martin, and about fifteen miles per hour when he was hurt. The train ran about one hundred yards after the injury before stopping Knows now that it is dangerous for boys or men to attempt to get on trains when running fifteen or twenty miles per hour, but did not know it then. He was so small that he did not know anything about the engine.

Much other testimony was introduced, principally as to extent of injury, amount of damage, etc., not deemed material here. On motion of defendant the court ordered a non-suit, and plaintiff excepted.

L. R. RAY; L. H. FEATHERSTON; W. F. WRIGHT; L. S. ROAN, for plaintiff in error.

N. J. HAMMOND; THOMAS W. LATHAM, for defendant.

BLECKLEY, Justice.

Non-suit is a process of legal mechanics: the case is chopped off. Only in a clear, gross case is this mechanical

treatment proper. Where there is any doubt another method is to be used—a method involving a sort of mental chemistry ; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force.

The present is not quite a case for non-suit, though its neighborhood to that class seems very near. In section 3033, the Code affirms that " a railroad company shall be liable for any damage done to persons, stock, or other property, by the running of the locomotives or cars or other machinery of such company, or for damage done by any person in the employment or service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence—the presumption in all cases being against the company." The next section provides that " no person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence ; if the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." Still another section, 2972, declares that "if the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover ; but in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Construing. the three sections together, we discover that a presumption of negligence is raised against the company from the mere fact of inflicting the injury, and that on combining that presumption with the whole sum of the evidence, one of four results may follow : First, if the presumption is totally overcome, the verdict should be for the company ; secondly, whether it is overcome or not, if the plaintiff either caused the injury by his own negligence or could by ordinary care have avoided it, the verdict should still be

for the company; thirdly, if the plaintiff was faultless, neither contributing to the injury nor omitting ordinary care to avoid it, the verdict should be against the company for full damages; and, fourthly, if the plaintiff contributed to the injury, but did not himself cause it, and could not have avoided it by ordinary care, the verdict should be against the company, not for full damages, but for the damages diminished in proportion to the default attributable to the plaintiff. The actual case under the evidence, is complicated with several special circumstances, such as the previous conduct of the engineer towards the plaintiff, the plaintiff's tender age, the degree of parental control exerted over him, etc. In 27 *Ga.*, 350, there was no statutory presumption to be rebutted, nor was the question of non-suit raised or discussed. In 56 *Ga.*, 72, the injury sued for was the homicide of an employe, and as in such a case any fault whatever on the part of the employe would defeat a recovery by reason of section 3036 of the Code, and as the contributory negligence was manifest, the non-suit was sustainable. The case at bar seems more in line with that reported in 59 *Ga.*, 593, and with various other authorities which we have examined; amongst them, 38 N. Y., 445; 60 *Ib.*, 326; 64 *Ib.*, 13; 67 *Ib.*, 417. The jury ought to deal with it.

Judgment reversed.