WIKLE *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

SIMMONS, C. J. 1. Where agency is shown by proof of the relative situation of the parties, the agency is established no further than is necessary for the discharge of the duties ordinarily belonging to it. 2 Gr. Ev. §§ 64, 64a.

2. Accordingly, where a railroad company is sued for malicious prosecution, and it appears that one who had charge of the defendant's business at a certain station and sold its tickets there missed certain money of the company from the cash-drawer, suspected a man who had been loitering about, and, going into another county, procured the arrest of the plaintiff because of a resemblance to such loiterer, and had a warrant issued against him for larceny, there is not sufficient evidence to authorize a jury to find that the institution of the prosecution was within the scope of the agent's authority; and there is, therefore, no error in granting a nonsuit.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Argued June 30, — Decided August 9, 1902.

Action for malicious prosecution. Before Judge Candler. DeKalb superior court. November 6, 1901.

*Burton Smith* and *George Gordon,* for plaintiff. Liability of the corporation for agent's act: 22 Conn. 530; 100 U. S. 699; 57 Miss. 769, s. c. 34 Am. R. 494; 3 Vroom, 334, s. c. 90 Am. D. 665; 74 Ala. 85, s. c. 49 Am. R. 800; 98 N. C. 34; 111 *Ga.* 73. Whether agent within scope of authority, for jury: Mech. Ag. §§ 106, 741; 87 *Ga.* 681; 29 *Ga.* 469; Civil Code, § 3023; 74 Ala. 85; 98 N. C. 34; 90 N. Y. 77; 31 L. R. A. 702; 48 Mo. App. 99; 71 Mo. App. 341; 64 N. Y. Supp. 1016; L. R. 6 Q. B. 65.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for defendant, cited 1 Am. & Eng. Enc. L. 987–9; Wood's M. & S. 545–6, and cit.; Mech. Ag. § 110; 81 *Ga.* 185; 110 *Ga.* 380; 111 *Ga.* 872; 114 *Ga.* 624.