## 714. COLLINS & TOOLE v. CREWS.

1. Agency to sell does not necessarily carry with it agency and authority to collect.

2. Proof of agency, which depends upon evidence of the relative position and relationship of the parties, extends no further than to the authority necessary to do the acts shown. Authority to do an act as an agent will not be implied from the doing by such agent of a totally distinct and different act in behalf of his principal.

3. Where a judgment confirming a composition in bankruptcy is relied upon to discharge an admitted indebtedness, and it appears that the name of the creditor is not in the schedule of the bankrupt, the burden is upon the debtor affirmatively to prove that the creditor had notice or actual knowledge of the proceedings in bankruptcy prior to the judgment of discharge.

4. Notice to an agent is insufficient, unless it be made to appear that the scope of his authority and duty was such as necessarily included such act, and therefore bound the principal.

Appeal, from Calhoun superior court—Judge Spence. July 9, 1907.

Submitted November 26,—Decided December 9, 1907.

*L. M. Rambo,* for plaintiffs in error.

*H. M. Calhoun, L. L. Lyon,* contra.

RUSSELL, J. The judge directed a verdict, and exception is taken thereto. As we held in *Davis* v. *Kirkland,* 1 *Ga. App.* 10 (58 S. E. 209), the power conferred by the Civil Code, § 5331, is merely permissive and granted for the purpose of preventing a useless waste of time. The trial judge, therefore, directs a verdict at his peril. But there is no error if no other verdict could have been found than that directed. There was no error in directing a verdict in this case.

Crews sued Collins & Toole on open account. The defendants admitted a prima facie case and assumed the burden of proof. This gave the plaintiff a right to a verdict unless the defendants proved their defense in all respects. The plea of the defendants was twice amended (with the consent of the court and the plaintiff) during the course of the trial,—first by striking and then by reinserting the third paragraph of the answer. The third paragraph of the answer averred that the plaintiff had actual notice of the proceedings in bankruptcy. It was necessary for the defendants to prove this in this case regardless of the plea, if they hoped to defeat recovery. We think they failed to prove it. The plaintiff,

who resides at Walkertown, North Carolina, sold the defendants a bill of tobacco, but before the payment of this bill the defendants were adjudged bankrupts in the United States District Court for the Southern District of Georgia. The defendants offered terms of composition, and these were confirmed by his honor, Judge Emory Speer, judge of the Southern district of Georgia, on December 23, 1903. The name of the plaintiff did not appear in the schedule of unsecured creditors, filed by Collins & Toole; and Crews testified that he never at any time received any notice from the referee in bankruptcy, or from any other source, that the defendants were adjudged bankrupts, nor notice of any meeting of the defendants' creditors called for any purpose, nor of any offer of composition; that he knew absolutely nothing of the bankruptcy of the defendants, until he was advised by his attorneys after he sent his claim to them for collection, in 1905. Up to that time he had had absolutely no notice of any kind or from any source that the affairs of the defendants were being administered in bankruptcy. The evidence up to this point rendered a verdict for the plaintiff inevitable. For while a discharge in bankruptcy releases a bankrupt from debt, and while an order of confirmation of the composition becomes, in effect, a discharge, and may be pleaded in bar with like effect, and while the debt of a creditor not scheduled in time for proof and allowance may be thus discharged or avoided, it is indispensable either that such creditor have notice, or that actual knowledge of the proceedings in bankruptcy be brought home to him, before such proceedings will operate so as to discharge the debtor from liability for the debt. The defendants having assumed the burden, the issue in the case turned on whether they could disprove the testimony of Crews and show that Crews had knowledge of the proceedings in bankruptcy. The defendants attempted to do this by proving that the person who represented himself as the agent of Crews for the sale of the goods in question was told by the defendants that they had been adjudged bankrupts and had offered a composition to their creditors. In other words, the proof for the defendants went to the point that they told the agent who sold them the goods of the proceedings in bankruptcy. This fell far short of proving that Crews, the plaintiff, had actual knowledge. It raised no issue of fact with Crews's testimony that he had neither notice nor knowledge of the proceed-

ings in bankruptcy. Where one attempts to bind a principal with notice through an agent, proof of the agency is indispensable. Proof of agency and authority to sell goods does not carry with it agency and authority to collect, and Collins & Toole, not having scheduled Crews as a creditor, and relying on notice or actual knowledge to defeat the collection of this debt, were required to show that the agent was acting within his agency and within the scope of his authority and duty as such agent. In other words, the burden was upon Collins & Toole to show that the salesman (whose name seems to have been unknown to them, and whose only connection with the plaintiff was established by the fact that he made two efforts in his behalf to sell the defendants goods, one of which resulted in the sale of the goods, the purchase-price of which is the basis of this suit, and that at the time of the second offer he told him of the bankruptcy proceedings) had authority not only to collect debts due the plaintiff, but that it was within the scope of his authority, and one of the duties of his agency, to convey the information he received to Crews. Otherwise, the proof that he sold the goods amounted to nothing; and as this was all that the defendants proved, they totally failed to show that the plaintiff had either notice or knowledge of the proceedings in bankruptcy. If the defendants had shown that in a long course of dealings with the plaintiff this unknown salesman, or another salesman, had been accustomed to collect for the plaintiff, and payments to such salesman had been recognized and ratified by the plaintiff, there might have been reason for inferring that the agent had power to collect. The salesman in this case, however, so far as appears from the evidence, did not even offer to collect or request payments in behalf of the plaintiff, and does not appear to have known that Collins & Toole's account was not paid, until so informed by them. The defendants having relied, for proof of agency, upon evidence of the relative situation of the parties, the rule that such agency is es-- tablished no further than is necessary for the discharge of the duties ordinarily belonging to it will control. All that they proved in regard to the salesman was, that he was an agent to sell. This, as held by the Supreme Court in *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114 (36 S. E. 469), did not carry with it authority to collect, and certainly raised no such inference as could reasonably satisfy a jury that it was one of the duties of such agent to notify the

plaintiff of the proceedings in bankruptcy, pending against the defendants. Under the rule laid down in *Wikle* v. *L. & N. R. Co.,* 116 *Ga.* 309 (42 S. E. 525), the scope of the agency was limited strictly to what was proved. At best, this was only agency to sell. And this is a sound rule. Any other would be extremely hazardous. The verdict directed is in accord with well-settled rules of law and evidence. Certainly these rules should not be strained or extended to enable a debtor, who omitted this creditor's name from the list of his creditors in his schedule, and whose only notice to him was expected to be conveyed by a salesman (who might never have come but happened by haphazard to drop in), to defeat the collection of a debt confessedly just.

*Judgment affirmed. Powell, J., disqualified.*