*Rambo & Wright,* for plaintiff in error.

*R. H. Sheffield,* contra.

---

## TRIPPE *v.* BELL & COMPANY.

FISH, C. J.  1. The substance of the material allegations of a petition brought by Bell & Company against Trippe was as follows:  Sheffield delivered to the defendant, who as weigher had charge of a public warehouse for the storage of cotton, a certain bale of cotton described by weight and a number marked thereon, and received from the defendant a warehouse receipt for the same, which next day he transferred in writing to the plaintiff, who has since retained its possession.  Subsequently the defendant, without legal authority, delivered the cotton to one Singletary, knowing that the latter did not own it, but that Sheffield or his assignee did.  On account of these facts the cotton had been lost to the plaintiff, and he had been damaged thereby to the amount of its value, which was set forth.  *Held,* that a motion made at the trial to dismiss the petition upon the ground that it did not set forth a cause of action was properly overruled, as the alleged conduct of the defendant amounted to a conversion (*Liptrot* v. *Holmes,* 1 *Ga. Ga.* 381), and he was liable for his tortious act, though done in the capacity of agent.  Civil Code, § 3613.

2. A charge was not erroneous on the ground that "under the pleadings and the evidence [it] did not state correctly the law governing the case," wherein the judge specifically set forth the allegations of the petition as above summarized, and instructed the jury that if under the evidence they believed these allegations to be true then they would be authorized to find in favor of the plaintiff.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial.    *Judgment affirmed.  All the Justices concur.*
                              APRIL 18, 1913.