7062.   MARTIN & HICKS *v.* BRIDGES & JELKS CO.

RUSSELL, C. J.   1. The only issue was as to the scope of the authority of the agent of the defendants, and whether it included power to purchase on credit goods used upon their plantations and by their employees.

2. Proof of agency and of the nature of the agency may be made by showing circumstances, apparent relations, and the conduct of the parties; for the relation of principal and agent arises when one, by implication, authorizes another to act for him. Civil Code, § 3569. Authority to an agent to do a thing generally includes authority to do everything necessary for the accomplishment of the main object. *Holman* v. *Georgia Railroad*, 67 *Ga.* 595. Persons dealing with the general manager or overseer of a plantation are not bound by private instructions given him by the owner, but the owner is bound by the contracts of the owner's general agent, acting in the conduct of the principal's business and within the apparent scope of his authority.

3. In the present case the circumstances in proof were sufficient to authorize the jury to find that there was a general agency, including by implication a power to purchase supplies for the plantations belonging to the principal, of which he was in absolute charge, that power being necessary to the effectuation of the agency; and the question as to

whether the plaintiff should have made further inquiry as to the specific authority of the agent was for the jury. Hence, the verdict was not contrary to the evidence or without evidence to support it.

4. In the absence of an appropriate request, the instructions of the trial judge presented the contentions of the plaintiff fairly and correctly, and the omission to charge a specific principle of law peculiarly applicable to one of the propositions upon which the plaintiff relied (the attention of the court not being directed thereto by any request that the jury be instructed upon the particular point) is not error requiring the grant of a new trial.                    *Judgment affirmed.*

DECIDED APRIL 25, 1916.

Complaint; from Pulaski superior court—Judge Graham (transferred from city court). October 29, 1915.

*H. F. Lawson,* for plaintiffs in error.

*M. H. Boyer,* contra.