### 10139.  THE PILGRIM HEALTH AND LIFE INSURANCE COMPANY *et al. v.* McINTOSH.

Although a correct statement of a principle of law was made in the request to charge, that "where agency is shown by proof of the relative situation of the parties, the agency is established no further than is necessary for the discharge of the duties ordinarily belonging to it," there was no issue as to the authority of the agent who acted in behalf of the defendant corporation in the alleged malicious prosecution for which it

was sued in this case. The court therefore did not err in refusing to charge as requested.

The verdict against the defendant was authorized, and no error of law appears from the motion for a new trial.

DECIDED AUGUST 7, 1919.

Action for malicious prosecution; from Chatham superior court —Judge Meldrim. September 17, 1918.

*George W. Owens,* for. plaintiff in error. *Shelby Myrick,* contra.

. BLOODWORTH, J. The 1st, 2d, and 5th grounds of the amendment to the motion for a new trial are but amplifications of the general grounds. There is no merit in the 4th ground.

The storm center of the case is around the 3d ground, which complains of the refusal of the court to give certain requested instructions to the jury. In the order overruling the motion for a new trial the judge said in reference to this request: "The question on this motion is this: Did the court err in refusing to give the request set out in the third ground of the amended motion for new trial? As an abstract proposition the statement, that 'Where agency is shown by proof of the relative situation of the parties, the agency is established no further than is nceessary for the discharge of the duties ordinarily belonging to it,' is correct. In fact it is an excerpt from the decision in *Wikle* v. *L. & N. Railroad Co.,* 116 *Ga.* 309 [42 S. E. 525]. I refused to give it, because I decided it to be inapplicable to the case as made, and calculated to mislead. It is elementary law that corporations are liable for the acts of their servants while such servants are engaged in the business of their principal. In the instant case the life-insurance company was a corporation. Singfield, a witness for the defense, testified that 'he was the manager of the defendant company at Savannah, and *instructed* Perry to swear out the warrant.' Perry, a witness for the defense, testified that he was *'bookkeeper'* for the company, and, 'under instructions from Singfield, swore out the warrant against McIntosh.' 'Singfield is the manager for the company for the Savannah district, and was in charge of the Savannah office.' The foundation of the warrant against the plaintiff was the wrongful conversion by him, as an employee of the company, of money belonging to the company, which had been entrusted to him. Singfield, as manager, instructed Perry, the bookkeeper, to take out the warrant against McIntosh. Singfield was engaged, when he gave this instruction, in the business of his principal. 'The term "manager,"

as applied to a private corporation, indicates one who has the general direction and control of the affairs, . . implies agency, control, and presumptively authority to bind the corporation.' [*American Investment Co.* v. *Cable Co.*] 4 *Ga. App.* 106 [60 S. E. 1037]. No issue was raised in the pleading, evidence, or argument as to the authority of Singfield. There was no denial that he was the manager for the Savannah district. The legal presumption is that he, as manager, had the authority to bind the company. There was not the slightest suggestion that he did not have the authority. I take it to be true that the court should not give in charge abstract principles of law, unless they are adjusted to one or more issues in the case. There was no issue to which the request was adapted." We agree with the learned judge in the conclusion reached by him in reference to this request to charge.

The motion for a new trial points out no error of law, the trial judge sustained the verdict, and we sustain him.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*