### 13852. RAWLEIGH COMPANY *v.* ROYAL *et al.*

STEPHENS, J. 1. Where a contract of guaranty is signed upon the expressed condition that the party signing is not to be bound until a certain other party executes it as a co-guarantor, and the contract thus signed is placed in the hands of one who is not the opposite party or his authorized agent, to obtain the signature of such proposed co-guarantor and deliver to the opposite party the contract thus executed, and the person with whom the contract is deposited for the purpose stated fails to obtain the signature of the proposed co-guarantor to the contract and delivers the same to the opposite party, who is ignorant of the limitation imposed on the guarantor's signing the contract, the guarantors so signing will, in a suit by the opposite party upon the contract, be estopped from setting up such limitation placed upon their liability under the contract, although they had no knowledge that the instrument had not been signed by such proposed co-guarantor. Such estoppel is based upon the principle that "when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss." Civil Code (1910), § 4537.

2. The only evidence that the person with whom the guarantors signing the contract deposited the same for the purpose of obtaining the signature of the proposed co-guarantor, as above indicated, was an agent of the opposite party named in the contract being the mere assumption by the guarantors that such agency existed, or an inference drawn by

such guarantors from the actions of such person that the latter was an agent of the opposite party, such evidence had no probative value and was insufficient to authorize a finding by a jury that such agency existed. It was therefore inadmissible, in the absence of other evidence as to agency, to prove the fact of agency, and the charge of the court based upon the assumption that such agency existed was error.

3. It being necessary to the validity of a written instrument, as a binding obligation on a party signing the same, that the instrument be delivered to the opposite party having the right to control it, a party signing the instrument for the purpose of becoming obligated thereby may withhold such delivery to the opposite party entitled to control it, and thereby prevent the instrument from becoming a binding obligation upon the person signing until another signs as a joint obligor with him. Evidence to this effect is relevant to establish as a fact that no completed contract was formed and that no binding obligation arose against the party signing it. Such evidence, if in parol, is not subject to the objection that it sought to vary the terms of a written instrument; and the court did not err in admitting it. *Heitman* v. *Commercial Bank*, 6 *Ga. App.* 584 (65 S. E. 590); *Equitable Mfg. Co.* v. *Hill*, 17 *Ga. App.* 494 (87 S. E. 715).

4. The person to whom the party signing the instrument delivers it for the purpose of obtaining the signature of the other contemplated joint obligor, and delivering the instrument after so doing to the opposite party entitled to control it, is the agent of the first party signing, for the purpose of obtaining the signature of the other contemplated joint obligor; and where such agent, in violation of his instructions and authority, delivers or causes to be delivered the instrument as a completed contract to the opposite party entitled to control it, and such opposite party accepts the instrument, without knowledge of its incomplete execution and without knowledge that the agent has acted in violation of, or in excess of, his authority, in failing to obtain the signature of such proposed co-obligor, or that the agent's principal, viz., the party first signing the instrument, intended to obligate himself only in the event of its being signed by the proposed joint obligor, the party first signing is bound by the acts of his agent, since the latter, in dealing with the opposite party, acted within the apparent scope of his authority.

5. This being a suit by the opposite party to the contract, against the guarantors signing the instrument, to recover for the default of the principal debtor, and the guarantors having admitted signing the instrument, and the sole issue, so far as respects the validity of the alleged contract of guaranty as a binding obligation upon the defendant guarantors, being that the defendants never became bound as guarantors under the contract, because of the alleged incomplete execution of the instrument as above indicated, and its delivery, without authority from the defendants, to the opposite contracting party, evidence of any other motives actuating any of the defendants in attaching their signatures to the instrument was irrelevant and was improperly admitted.

6. The defendants being guarantors, it was permissible for them, under a

plea of general denial, to disprove the default of their principal, by proving that the indebtedness of their principal which they had guaranteed had been paid. *Bank of Wrightsville* v. *Merchants &c. Bank*, 119 *Ga.* 288 (46 S. E. 94).

7. There being no plea of payment by any of the defendant guarantors, evidence of payment was irrelevant to the issues as made by the pleadings. Civil Code (1910), § 5636; *Dickson* v. *Wainwright*, 137 *Ga.* 299 (73 S. E. 515); *Harris* v. *Dover*, 18 *Ga. App.* 320 (89 S. E. 351).

8. Evidence of payment by the principal debtor, and of a payment by one of the guarantors in consideration of his release, having been admitted, and there being some evidence from which the jury might have inferred that an agent of the plaintiff, sent to "adjust" the claim sued on with the defendants and their principal, had authority to agree to a settlement in the manner indicated by the evidence referred to, and had accepted payment from debtors of the principal, and also had accepted a payment from one of the guarantors as a consideration for the release of the latter, which under the law necessarily operated to release the other guarantors, the court did not err in submitting these issues to the jury or in refusing a request to charge which, if given, would have eliminated this issue.

9. Where an agent with authority from his principal to "adjust" and "collect" accounts is sent by his principal to collect an alleged indebtedness due the principal under a particular contract, which contract contemplates that the debtor might under some circumstances turn back to the creditor goods purchased from the creditor under the contract, he is a general agent for the purpose of adjusting and collecting the indebtedness, and it is apparently within the scope of his authority to accept from purchasers of the debtor goods of the character bought by the debtor under the contract from his creditor, the agent's principal, and also to release the debtor from further liability under the contract, and also to accept payment in release of all liability under the contract of guaranty from the guarantor; and, although the agent may not have actually possessed such authority, a settlement by way of release, so made with one of the guarantors, without knowledge of such limitation, is binding upon the agent's principal. Civil Code (1910), § 3595.

10. A verdict having been rendered for the defendants, and it appearing that the court erred as above indicated, the plaintiff's motion for a new trial should have been sustained.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 13, 1923.

Complaint; from Ben Hill superior court — Judge Gower. June 22, 1922.

*A. J. & J. C. McDonald,* for plaintiff.

*Eldridge Cutts, Fulwood & Hargrett,* for defendants.