### 21563. PERSONAL FINANCE COMPANY v. EVANS.

BELL, J. 1. Any officer knowingly levying upon property which has been made exempt from the process by either of the methods provided by law shall be guilty of a trespass, except that in case of the constitutional homestead a levy is permissible where the plaintiff, his agent or attorney, makes and places in the hands of the officer the affidavit prescribed by law. Civil Code (1910), §§ 3399, 3400, 3422; *Marcrum* v. *Washington*, 109 *Ga.* 296 (2) (34 S. E. 585).

2. Where an officer makes an unauthorized and wrongful levy upon the property of another, he and any others who procure such a seizure are liable as joint trespassers, in which event the aggrieved party may bring suit against any one or all of such wrongdoers, according to his election. *Evans* v. *Cannon*, 34 *Ga. App.* 467 (2) (130 S. E. 76); *Finley* v. *Southern Railway Co.*, 5 *Ga. App.* 722 (3) (64 S. E. 312).

3. Although it is declared by law that the wife or family of the debtor may for their exclusive use recover for such a trespass, the right to sue is not limited to the wife or family, but the husband as the head of the family can maintain the action, and will hold the recovery, if any, for their use. *McWilliams* v. *Anderson*, 68 *Ga.* 772; *Crowley* v. *Freeman*, 9 *Ga. App.* 1 (2) (70 S. E. 349). This is not to hold that the husband and wife may each bring a *separate action.* That question is not raised in the present case.

4. In a suit by a husband as the head of a family to recover damages for the procuring of a wrongful levy on property claimed to be exempt as a homestead, allegations that "said property had been homesteaded" and that the homestead was "in effect" at the time of the levy; that "all the articles herein named were in the legal possession of [the plaintiff] as head of a family consisting of a wife and minor daughter, and had been set apart for their use under the laws of the State of Georgia;" that "the said homestead was presented and demonstrated to said defendant" at and before the seizure by the levying officer; and that "the homestead and exemption papers exempting said property" were issued by the ordinary of a named county of this State, were sufficient, as against a general demurrer, to show that the property had been duly set apart as an exemption or homestead in one of the methods prescribed by law, although it may not appear which kind of homestead the plaintiff obtained. Such allegations implied a valid homestead and would constitute an adequate basis for the admission of evidence of that fact. *Davis* v. *Jones*, 95 *Ga.* 788 (3) (23 S. E. 79); *Evans* v. *Rounsaville*, 115 *Ga.* 684 (2) (42 S. E. 100); *Kimsey* v. *Rogers*, 166 *Ga.* 176 (8) (142 S. E. 667); *Evans* v. *Barrett*, 8 *Ga. App.* 612 (69 S. E. 1083); *Tribble* v. *State*, 33 *Ga. App.* 370 (1 a) (126 S. E. 272); *Yellow Cab Co.* v. *General Lumber Co.*, 35 *Ga. App.* 620 (134 S. E. 190).

5. The allegations "that defendant knew of the said homestead," and knew the contents thereof, and "that the agents of said company assisted in the making of the levy;" that "the defendant illegally and without lawful authority went into [the plaintiff's] house under pretense of authority with an officer of the law and took therefrom the property named in this suit;" and that all of such acts were done wilfully and wantonly

by the defendant, were sufficient, as a matter of pleading, to overcome any presumption of a due performance of duty on the part of the levying officer, as that he would not have made the levy except under such conditions, or for such a debt, as rendered the levy legal.

6. Upon application of the above rulings, the petition stated a cause of action, and the general demurrer thereto was properly overruled. The overruling of a general demurrer, however, does not adjudicate that the petition is good in every part, but the effect of such a ruling is merely that the petition is not wholly bad. *Vandalsem* v. *Caldwell*, 33 *Ga. App.* 88 (7) (125 S. E. 716).

7. The special demurrers have not been argued in this court, and are therefore considered as having been abandoned.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED FEBRUARY 23, 1932.

*McGehee & Odom, Foley & Chappell,* for plaintiff in error.
*R. Terry,* contra.