## 25334. CHAMBERS, administrator, et al. v. SELF.

JENKINS, P. J. 1. "'An agent is not ordinarily liable to third persons for nonfeasance. . . [He] is, however, liable to third persons for misfeasance.'" *Owens* v. *Nichols*, 139 *Ga.* 475 (77 S. E. 635). "For his own tortious act, whether acting by command of his principal or not, he is responsible." Code of 1933, § 4-409; *Trippe* v. *Bell*, 139 *Ga.* 782 (78 S. E. 126). "Where an officer makes an unauthorized and wrongful levy upon the property of another, he and any others who procure such a seizure are liable as joint trespassers, in which event the aggrieved party may bring suit against any one or all of such wrongdoers, according to his election." *Personal Finance Co.* v. *Evans*, 45 *Ga. App.* 53 (2) (163 S. E. 250), and cit.; *Chattahoochee Brick Co.* v. *Goings*, 135 *Ga.* 529, 535 (69 S. E. 865, Ann. Cas. 1912A, 263); *McDougald* v. *Dougherty*, 12 *Ga.* 613. Thus, where, in the instant case, a person, his wife, and a constable were sued as joint tort-feasors for a trespass and conversion, on account of an alleged illegal seizure of personalty of the plaintiff by the constable, procured by the husband himself as agent of the wife, and during the pendency of the case, after the death of the wife and the husband, the plaintiff struck the name of the wife as a party, the court did not err in denying the motion of the administrator of the husband's estate to strike him as a party defendant from the case upon the ground that "the principal being out of the case at the election of plaintiff, the agent should be stricken."

2. On a former trial a judgment in favor of the plaintiff was reversed only because of an instruction to the jury that the evidence presented no issue as to one of the questions in the case, whereas such evidence was conflicting. *O'Neill* v. *Self*, 44 *Ga. App.* 322 (161 S. E. 277). The instant motion for new trial being limited to the general grounds, and the verdict for the plaintiff against the husband's administrator and the constable being authorized, the court did not err in refusing a new trial to the defendants.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 8, 1936.

H. H. *Anderson*, R. *Noel Steed*, *Jesse* M. *Sellers*, for plaintiff in error.

R. *Carter Pittman*, W. B. *Robinson*, contra.