### 26388. NIEBUHR v. PRIDGEN BROTHERS COMPANY.

FELTON, J. A nonsuit is proper where the evidence fails to show that a tort committed by an agent was within the scope of his authority or that it was authorized or ratified by officials of the defendant corporation having authority to do so. *Wikle* v. *Louisville & Nashville Railroad Co.,* 116 *Ga.* 309 (42 S. E. 525).

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., dissents.*

DECIDED NOVEMBER 5, 1937.

*A. N. Durden, J. M. Forrester,* for plaintiff.

*J. W. Dennard,* for defendant.

STEPHENS, P. J., dissenting. Where agency is shown, without reference to the scope of the agent's authority, the agent presumably is acting within the scope of his authority as agent for the principal when acting for his principal and in the performance of an act for the principal's benefit. 3 C. J. S. 252; 2 C. J. 920; *Perry* v. *Lott,* 38 *Ga. App.* 729 (2) (145 S. E. 479). It appeared from the evidence that the agents of the defendant, the scope of whose duties is not defined, caused the arrest of the plaintiff for the alleged crime of "passing a counterfeit bill," that the prosecution was for a crime committed against the principal of the agents and was therefore in the principal's interest and for the principal's benefit. The inference is that the agents were acting for their principal, the defendant. The presumption is that they were acting within the scope of their authority as agents for their principal, and the principal is bound thereby. The burden was on the defendant to go on with the evidence and show the specific authority of the agents. The case of *Wikle* v. *Louisville & Nashville R. Co.,* 116 *Ga.* 309 (supra), is distinguishable. The evidence was sufficient to authorize a verdict for the plaintiff, and the court erred in granting a nonsuit. I dissent from the judgment of affirmance.