30411. JENKINS *et al.* v. DUNLOP TIRE & RUBBER CORPORATION
*et al.*

PARKER, J. 1. The motions to dismiss the bill of exceptions are denied. While no parties are specifically designated as plaintiffs in error or defendants in error, the bill of exceptions indicates that all of the plaintiffs in the trial court except to the judgment, and ·the acknowledgments of service by the several counsel for the defendants in the trial court cure the omission to specifically name the defendants in error, for the signatures of the acknowledgments are followed by designations of the respective counsel as attorneys for their clients in capacities of defendants in error.

2. While the three orders appearing in the record and purporting to sustain respective general demurrers to the petition are not identified with any particular demurrers, from the context of the bill of exceptions and the record, and from admissions made in the briefs for the defendants in error, it appears that the orders were applicable to three original general demurrers and the renewal and supplementary demurrers filed by the several defendants, and the orders are so treated by this court.

3. The original petition, in paragraph 6, made the following allegation respecting Dunlop Tire & Rubber Corporation: "Plaintiffs do not know whether Dunlop Tire & Rubber Corporation did direct the seizure and attachment of this said Dodge truck, property of plaintiffs. or whether said defendant marshals acted at their own discretion." In paragraph 3 (a) of an amendment to the petition, allowed and filed on November 18, the plaintiffs alleged "that deputy marshals were not directed by plaintiff in execution to attach the particular truck." In another amendment, allowed and filed on November 30, paragraph 3 of the original petition, which alleged that "defendant marshals stated this particular truck was pointed out to them by attorney for plaintiff in execution, Dunlop Tire & Rubber Corporation, and that they would be obliged to attach it and carry it away," and paragraph 3 (a) of the amendment of November 18, were amended and caused to read in part as follows: "Defendant deputy marshals stated that agent

**256**

and attorney for plaintiff in execution, Dunlop Tire & Rubber Corporation, had pointed out the particular Dodge truck and directed them to levy upon said particular truck, and that they would be obliged to levy upon it and take it away; that plaintiffs do not know whether the Dunlop Tire & Rubber Corporation, plaintiff in execution, did direct the said deputy marshals to levy upon this particular truck or not; that plaintiffs hereby allege that Dunlop Tire & Rubber Corporation, and the said deputy marshals, each and all of them, did wilfully, wantonly, knowingly and unlawfully levy upon said property." *Held:* "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader." *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250); *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32). "The imperfection of the petition was not a mere duplicity or inconsistency in form, but its allegations were repugnant in matter of substance, and so repugnant as to neutralize and destroy each other. In such a case the petition is fatally defective, and thus subject to general demurrer." *Adams* v. *Johnson,* 182 *Ga.* 478, 480 (185 S. E. 805). "Indefiniteness in pleadings should, as a rule, be raised by special demurrer; yet a petition which is too vague and indefinite to support a recovery may properly be dismissed on general demurrer." *Johnson* v. *Edwards,* 147 *Ga.* 438 (94 S. E. 554), and cit. Applying these principles to the petition as amended it was as to Dunlop Tire & Rubber Corporation properly dismissed on general demurrer.

4. A close study of the petition as amended indicates that sufficient facts are alleged to charge the defendants Sparkman, Davis, and Fidelity & Casualty Insurance Company (surety on the officers' bonds) with a cause of action so as to withstand general demurrer. The petition alleges that the defendants Sparkman and Davis wrongfully levied upon the property of the plaintiffs despite a warning given by one of the plaintiffs at the time of the levy that the truck was the plaintiffs' property, and not the property of the defendant in execution; and there are allegations that the plaintiffs had possession and custody of the truck at the time of the alleged wrongful levy. Therefore, the court erred in sustaining the general demurrers of the defendants Sparkman, Davis, and the surety company. See *McDougald* v. *Dougherty,* 12 *Ga.* 613; *Evans* v. *Cannon,* 34 *Ga. App.* 467 (130 S. E. 76); *Personal Finance Co.* v. *Evans,* 45 *Ga. App.* 53 (163 S. E. 250); and *Chambers* v. *Self,* 53 *Ga. App.* 437 (186 S. E. 203).

5. The several special demurrers to the petition have not been passed on by the trial court, so no question as to them is before this court.

*Judgment affirmed in part; reversed in part. Sutton, P. J., concurs.*

FELTON, J., dissenting in part. I do not concur in the ruling affirming the dismissal of the action as to the Dunlop Tire & Rubber Company for the reason that in my opinion the last amendment had the effect of striking the allegations contained in the petition and in the first amendment which were inconsistent with those of the last amendment. It might have been better to have stated in the last amendment that certain allegations of the petition and the first amendment were stricken and

others added; but I think the effect of saying that a certain paragraph of the petition and the first amendment "are hereby amended and caused to read as follows," is the same. This was equivalent to striking the paragraph referred to and substituting in lieu thereof the allegations of the last amendment.

DECIDED MAY 19, 1944. REHEARING DENIED JUNE 7, 1944.

*C. E. Walker, Hooper & Miller,* for plaintiffs.

*E. H. Sheats, W. S. Northcutt, T. M. Smith, MacDougald, Troutman & Arkwright,* for defendants.