## 32662. McCURRY v. MOFFETT et al.

Decided February 2, 1950.

762

*John D. Mattox, Turpin & Lane,* for plaintiff.

*Martin, Snow & Grant,* for defendants.

WORRILL, J.   The plaintiff contends that the defendants were negligent as follows:   (a) in parking said truck on said high-

way, when it was practicable to park the truck near the side of the road and off the pavement; (b) in failing to display clearance lights at each extremity on the rear of such truck; (c) in parking the truck so that said truck and portions thereof extended across the center line of said highway; (d) in failing to have the truck equipped with rear reflectors; (e) in failing to have a lamp mounted on the rear of said truck capable of displaying a red light visible for the distance of at least 100 feet behind the vehicle.

In this case the only question presented is whether or not the court erred in granting the nonsuit. By reference to the brief of the evidence in the case, it will be discovered that the evidence shows that the plaintiff was operating his automobile in a lawful manner, running approximately 50 miles per hour; that he was returning home from his work; that there was no implication that he had been drinking or suffered from any physical or mental disability which would have impaired his vision; that he was observing the highway ahead; that the defendants' truck, which was illegally parked on the highway, had no doors in the rear which would tend to reflect the plaintiff's headlights; that the trees in the background on each side of the road cast shadows, and the open back of the truck tended to blend with the trees and the shadows cast by the trees; and that the collision occurred at dusk or first dark.

The defendant contends that the plaintiff's own testimony shows that he did not exercise ordinary care and diligence for his own safety and protection after the defendants' negligence, if any, was discovered by him, and that a judgment of nonsuit was proper. Even if this be true, there was other evidence, there were attendant circumstances, and also there were other witnesses who testified concerning the collision, whose versions of the collision as disclosed by the evidence could have been accepted by the jury, and so it was erroneous to grant the nonsuit. See *Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393 (1) (167 S. E. 773); *Ray* v. *Green*, 113 *Ga.* 920 (2) (39 S. E. 470).

It is not proper to grant a nonsuit merely because the court would not allow a verdict for the plaintiff to stand. But if the plaintiff fails to make out a prima facie case, or if, admitting all

the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit should be granted. Code, § 110-310. "Nonsuit is a process of legal mechanics; the case is chopped off. Only in a clear gross case is this mechanical treatment proper. Where there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." *Vickers* v. *Atlanta & W. P. R. Co.*, 64 *Ga.* 306. "Even if the judge were justified in a given case, by an overwhelming preponderance of evidence for the defendant, in thinking that the jury should not find for the plaintiff, but rather for the defendant, this would give him no right, without the aid of the jury, to decapitate the plaintiff's case with a nonsuit." *Jackson* v. *Georgia Southern & Florida Ry. Co.*, 132 *Ga.* 127, 135 (63 S. E. 841).

If, admitting all the facts proved and all reasonable deductions therefrom, the plaintiff, on all the proof, ought not to recover, the nonsuit ought to be ordered, but a court will not grant a nonsuit wherever it would grant a new trial. *Tison* v. *Yawn*, 15 *Ga.* 491 (4) (60 Am. D. 708). A nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a state of facts favorable to the plaintiff. *Gresham* v. *Stewart*, 31 *Ga. App.* 25, 28 (119 S. E. 445). If there is any evidence upon which a verdict for the plaintiff could be rendered, the case should not be withheld from the jury. *Dyson* v. *Beckam*, 35 *Ga.* 132, 135.

Questions of diligence or negligence are peculiarly matters for the jury, and a court ought not to take the place of the jury in solving them. What has been aptly termed "the mechanical process" of nonsuit, by which the plaintiff's cause of action is cut off as a matter of law, ought not to be applied when the jury, from all the facts proved and all the reasonable deductions from them—deductions which may be legitimately made by the jury—might find the issue of diligence or negligence in favor of the plaintiff. "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence

is for determination by the jury." *Southern Railway Co.* v. *Slaton*, 41 *Ga. App.* 759 (3) (154 S. E. 718). Accordingly, it has been held many times that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, except where the solution of the question appears to be palpably clear, plain, and indisputable. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112). So, where in an action for personal injuries, the case turns upon the question whether the party injured could, by the exercise of ordinary care, have avoided the injury, and the evidence does not show such conduct on his part as to. amount to negligence per se, the question as to the exercise of ordinary care is for the jury. *Dethrage* v. *Rome*, 125 *Ga.* 802 (54 S. E. 654). Even where, from the plaintiff's testimony, it is a doubtful question whether the plaintiff could or could not have avoided the injury to himself by ordinary care, the case should be submitted to a jury, and the granting of a nonsuit is improper. *Central of Georgia Ry. Co.* v. *Harper*, 124 *Ga.* 836, 840 (53 S. E. 391).

Code § 68-302 provides: " 'Rear lamp'—Every motor vehicle, tractor, and trailer shall have on the rear thereof, and to the left of the axis thereof, one lamp capable of displaying a red light visible for a distance of at least 100 feet behind such vehicle." Code (Ann. Supp.) § 68-317 provides: "(a) All vehicles using the public roads and highways of the State of Georgia at night shall be equipped with front and rear reflectors in addition to the lights required by Section 68-316, to serve as a warning signal to drivers of approaching vehicles."

Considering all the facts and circumstances and applying the rulings in the cases cited to the facts of the instant case, we are of the opinion that it devolved upon the jury to determine whether or not the defendants were negligent, in parking their truck in the highway or in failing to display proper lights or flares, as required by law, or whether the plaintiff was guilty of such contributory negligence as to bar a recovery by him.

The court erred in granting the nonsuit.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L., 1945, p. 232).

*Judgment reversed. Sutton, C. J., MacIntyre, P. J., Felton, Gardner, and Townsend, JJ., concur.*