34615. SHELTON *v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

DECIDED OCTOBER 8, 1953.

836

W. *Tom Veazey, Randall Evans, Jr.*, for plaintiff in error.
*Stevens & Stevens,* contra.

GARDNER, P. J. 1. The only question presented and argued here is whether the petition alleges a cause of action against the fireman. If it does, the court erred in dismissing the petition on the ground that the court was without jurisdiction to entertain the petition. If there are no acts of negligence alleged as a matter of law to show that the conduct of the fireman alone, or in connection with the negligence of the defendants or some one of them, proximately caused the alleged injury, the court was without jurisdiction to entertain the suit in McDuffie County, Georgia. This is true regardless of whether the allegations of fact are sufficient to set out a cause of action in some other venue against the other defendants. The petition shows that the deceased was a trespasser and the duty resting upon the defendants was not to wilfully and wantonly injure him after actual knowledge that he was present on its track. The petition prop-

erly alleges this principle of law, and such principle is properly argued by counsel for both parties in their briefs and arguments. The allegations that the fireman, Burnley, told the engineer about seeing the deceased on the tracks, when and at which time the engine was some 100 to 150 yards from the deceased lying upon the railroad tracks, and that the engineer refused and failed to apply the brakes and stop the train, do not in our opinion allege negligence on the part of the fireman sufficient to charge him with negligence proximately causing the injury. Such allegations go only to the negligence of the engineer and not to the fireman. Such allegations do not constitute wilful and wanton negligence on the part of the fireman. So far as we are aware, the law implies no duty under such circumstances as here alleged, upon the fireman to manage, control, or stop the train. There is no duty imposed upon the fireman to keep a lookout ahead of the engineer, under such circumstances as herein alleged. The alleged negligence against the fireman, under the facts of the instant case, does not amount to wilful and wanton negligence. There is no allegation that the fireman committed any act or deed affirmatively so as to proximately cause the injury. It is for non-performance of alleged acts on which wilful and wanton negligence is based. All the acts of non-performance as against the fireman, under the allegations of the petition, are insufficient as a matter of law to charge him with wilful and wanton negligence which was the direct and proximate cause of the alleged injury and damage.

2. We come next to consider the contention of the plaintiff on this question. Our attention is called first to *Central of Georgia Ry. Co.* v. *Sharpe,* 83 *Ga. App.* 12 (62 S. E. 2d 427). A careful reading of that case will reveal that the facts therein alleged are not similar to those alleged in the instant petition. Our attention is next called to *Redding* v. *Callaway,* 74 *Ga. App.* 855, 859 (41 S. E. 2d 804) calling our attention to an excerpt from that case as follows: "Even where a person on the track is in fact discovered, it is the general rule that a railway company is authorized to act on the presumption that a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself, *unless it should also appear that such trespasser is in an apparently in-*

*capacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril."* In that case the deceased was traveling on the railroad track at a place where the employees should have anticipated that one might be, and they failed to sound a warning or to otherwise protect the pedestrian. In the instant case there was a straight, long, stretch of the railroad track where it appeared that there was no statutory duty on the employees to keep a lookout, and certainly no duty on the part of the fireman to attempt to stop the train, which duty was on the engineer. The plaintiff further contends that she is not relying upon any statute which requires the fireman to do any particular thing under the circumstances alleged, and that she is not alleging the violation of any statute in specific terms, but that the law of reasonable care and diligence is to the effect that humanity dictates that Wylie Burnley, the fireman, should have done something when he saw a person in a helpless and incapacitated condition lying on the tracks, and the plaintiff alleges and contends that under such circumstances the fireman did nothing. In this connection our attention is called to *Western & A. R. Co.* v. *Reed*, 35 *Ga. App.* 538, 540 (134 S. E. 134). Here is what the gist of that case is, according to an excerpt from that decision as follows: *"That is to say, an act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring. The fact that the law says that the company shall do certain things at a public road crossing does not mean that the dictates of ordinary prudence might not require the doing of the same or similar things at other crossings used by the public with the knowledge and consent of the company.* The petition in this case did not charge the violation of any statute, but simply alleged the omission, in certain particulars, of ordinary care, the duty of such care sufficiently appearing." (Italics ours.)

The same principle was applied in *Pollard* v. *Savage*, 55 *Ga. App.* 470, 475 (190 S. E. 621). It should be observed that in both of those cases a public crossing was involved but not such a crossing as was embraced within the statute, and in such an event at a crossing not covered by a statute, it might be negligence as a matter of fact not to blow the whistle or do such

other things as ordinary care would require. In those cases there was no question of wanton or wilful negligence involved, as in the instant case. In the instant case we are dealing with an incident which is alleged to have occurred on a straight line of railway with a trespasser involved. There was no duty on the part of the fireman, who was not operating the train at the time, but the engineer was operating the train. Insofar as the allegations of the petition show, the fireman had no duty as a matter of law, nor any burden as a matter of fact, to do anything. To hold otherwise would require the railroad companies to require that firemen take charge of the operation of the trains on all similar straight stretches of the track, or otherwise the defendant railroad companies would be held to wilful and wanton negligence. We do not think that the law requires such a burden on the part of a railroad company in the operation of its trains by requiring the fireman to measure up to such a standard, even though the facts alleged might make it a case against the railroad companies and its engineers in the operation of its trains, as alleged in the instant petition.

Our attention is next called to *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618(1) (57 S. E. 2d 18). The principle of law decided in that case is correct, but it has no application to the allegations of fact in the instant case. The difficulty with the position of counsel for the plaintiff here is that there are no allegations of fact which would make the fireman a joint tortfeasor. Our attention is called next to *Atlantic Coast Line R. Co.* v. *Knight*, 48 *Ga. App.* 53 (171 S. E. 919). The facts in that case are not in any wise similar to those in the instant case. That case involves a section foreman who was sued as a joint tort-feasor and for not keeping the right-of-way clear of underbrush and inflammable material, whereby a train traversing the tracks and emitting sparks of fire, set fire to underbrush, and the fire spread to the lines of others over the right-of-way and injured the property of a third person. The court held that the section foreman was a joint tort-feasor and could be sued in the county of the section foreman, along with the railroad company. The duty of care involved in that case is that of ordinary care as applied to performance and non-performance of a duty. That question is far afield from the alle-

gations of the instant petition, which are based upon the wanton and wilful negligence of a fireman on an engine of the railway company as against a trespasser on the property of the company.

The court did not err in sustaining the general demurrers to the petition, on the ground that the Superior Court of McDuffie County was without jurisdiction to try the case for the reason that the allegations were insufficient to show that the fireman was a joint tort-feasor along with the other defendants. Since the court did not err in holding that the Superior Court of McDuffie County was without jurisdiction, it becomes unnecessary to pass upon the special demurrers.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*