36925. WARNOCK *v.* ELLIOTT *et al.*

Decided November 12, 1957—Rehearing denied December 17, 1957.

*J. Carlton Warnock, N. G. Reeves, Jr.*, for plaintiff.
*James B. O'Connor, Ross & Ross*, contra.

GARDNER, P. J. 1. Counsel for the defendants contend that where a principal and his agent are sued as joint tortfeasors in the county of the residence of the agent and it develops that the agent is not a joint tortfeasor, and that the principal is not a resident in the county in which suit is brought, the suit can not be maintained in that jurisdiction. This is a true principle of law. See *Crosby* v. *Calaway*, 65 *Ga. App.* 266 (16 S. E. 2d 155), and *Shelton* v. *Atlantic Coast Line R. Co.*, 88 *Ga. App.* 834 (78 S. E. 2d 99).

We now move to decide the matter of whether or not the defendant H. E. Dunaway was the agent and employee of the defendant M. F. Elliott, d/b/a M. F. Elliott Lumber Company. Code § 4-101 provides that the relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf. This Code section clearly sets out the relation of principal and agent. See *Martin & Hicks* v. *Bridges & Jelks Co.*, 18 *Ga. App.* 24, 25 (88 S. E. 747).

Proof of agency may be made by showing circumstances, apparent relations, and conduct of the parties. See *Cable Co.* v. *Walker*, 127 *Ga.* 65 (56 S. E. 108); *Larkins* v. *Boyd*, 205 *Ga.* 69, 72 (52 S. E. 2d 307); *Nichols* v. *Lindsey*, 45 *Ga. App.* 648, 657 (165 S. E. 868); *Equitable Credit Corp.* v. *Johnson*, 86 *Ga. App.* 844, 847 (72 S. E. 2d 816). Counsel for the defendants cite *Render* v. *Hill Bros.*, 30 *Ga. App.* 239 (3) (117 S. E. 258). That case holds that an overseer does not have legal authority to act as a purchasing agent, but in headnote 3 Judge Jenkins, speaking for the court said: "In the absence of the employer, the overseer stands in his place." The fact that the agent in that case did not have specific authority to make purchases does not make that case authority for the defendants' contentions in the instant case. *Collins & Toole* v. *Crews*, 3 *Ga. App.* 238 (59 S. E. 727) holds substantially that proof of agency, in regard to specific acts, depends upon the relationship of the parties and extends no further than to the authority necessary to do acts relative thereto. Counsel for the defendants cite *Wikle* v. *Louisville & Nashville R. Co.*, 116 *Ga.* 309 (1) (42 S. E. 525), which holds that agency is shown by proof of the relative situation of the parties. Counsel for the defendants argue that before the agent Dunaway could be held liable personally for nonfeasance, the duty to perform such acts must appear; that it would not be his duty to perform any of them unless he had agreed or assumed to perform such acts, and cites in support thereof *Crosby* v. *Calaway*, 65 *Ga. App.* 266, supra. This is a correct principle of law but is not applicable, because the evidence in the instant case does not show that the principal retained any control over the physical aspects of operating the business when the owner was away. There is sufficient evidence from many people, as disclosed hereinabove, to show that the agent Dunaway was in complete charge of the business in the absence of the owner. Any acts of misfeasance such as maintaining the fire on a windy day and nonfeasance such as not enclosing the fire, not keeping the premises free of litter and trash, not maintaining fire equipment on the premises, not trying to contain the fire and not using all available employees to try to control the fire when it began to spread, were acts entirely under the control of the agent Dunaway. The record shows that the

owner was absent at the time of the fire. See also *Kimbrough* v. *Boswell*, 119 *Ga.* 201 (2). (45 S. E. 977). The act of misfeasance, i.e. maintaining a fire on a windy day, is so intermingled with the alleged acts of nonfeasance that we feel that the alleged acts of nonfeasance are positive factors involved in the act of misfeasance. In *Owens* v. *Nichols*, 139 *Ga.* 475, 477 (77 S. E. 635), cited by counsel for the defendants, it is said: "An agent is not ordinarily liable to third persons for nonfeasance. . . Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured. . . When once he enters upon the performance of his contract with his principal, and in doing so omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf. . . Misfeasance may involve also to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires. All this is not doing, but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society." Counsel for the defendants cite *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (167 S. E. 119). That case goes extensively into the difference between misfeasance and nonfeasance. Headnote 3 reads: "Misfeasance is a positive wrong and means the improper doing of an act which the agent might lawfully do. It may also involve to some extent the idea of not doing, as where an agent engaged in the performance of an undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires." Counsel also cites the following cases: *Southern Ry. Co.* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191), *Chambers* v. *Self*, 53 *Ga. App.* 437 (186 S. E. 203), and *Ramey* v. *Pritchett*, 90 *Ga.App.* 745, 751 (84 S. E. 2d 305). In *Ramey*

v. *Pritchett*, Judge Carlisle, speaking for the court said: "An agent who undertakes the sole and complete control and management of the principal's premises is liable to third persons, to whom a duty is owing on the part of the owner, for injuries resulting from his negligence in failing to make or keep the premises in a safe condition." All of the cases cited by counsel for the defendants show that in certain instances nonperformance entails liability as do specific acts of negligence. Therefore those cases are not authority for the contentions of counsel for the defendants.

We have studied the evidence carefully in regard to the testimony of all witnesses. We do not agree with counsel for the defendants that the plaintiff's witnesses disproved the plaintiff's case. Had this been true it follows that a nonsuit would have been proper. It is true that agency can not be proved by a witness stating that a person acted as an agent. See *Neal v. Patten*, 40 *Ga.* 363, 364, and *Rawleigh Co.* v. *Royal*, 30 *Ga. App.* 706 (119 S. E. 339). However those cases are not applicable under the pleadings and evidence in the instant case.

If there is any evidence tending to establish the agency, the questions should be submitted to a jury. A nonsuit may be granted when and only when the question of agency is one of law for the court. See *East & West Ry. Co. of Alabama* v. *Sims*, 80 *Ga.* 807 (6 S. E. 595). In *Wright* v. *Roseman*, 209 *Ga.* 176, 182 (71 S. E. 2d 426), the Supreme Court said: "The trial judge always awards a nonsuit at his peril; for if the facts proved would, by any reasonable inference, support a finding in favor of the plaintiff, it is error to deprive him of his right to have the jury, instead of the court, sum up the facts of the case and mould their conclusion into a verdict. . . A nonsuit is a matter of strict law, and when a motion to nonsuit is made, there is no discretion on the part of the court, and if there be any evidence whatever to sustain the action, it must go to the jury." See also *Vickers* v. *Atlanta & West Point R. Co.*, 64 *Ga.* 306, *Gresham* v. *Stewart*, 31 *Ga. App.* 25 (119 S. E. 445), and *McCurry* v. *Moffett*, 80 *Ga. App.* 761, 764 (57 S. E. 2d 451). The question of the scope and extent of an agency's apparent authority is to be decided from all the facts and circumstances in evidence. It is fundamental that all questions of law must be

decided by the court and all questions of fact must be decided by the jury. The agent's authority as well as his negligence in regard to the fire in the instant case are jury questions, under this record.

It is our opinion that there was sufficient evidence to show that the defendants failed to operate the business according to the usual custom of a sawmill business regarding the prevention of the spread of fire; that the defendant Dunaway was negligently maintaining a fire on a windy day; that certain acts of negligence which are stated as nonperformance could as well be stated in the converse and thus become acts of performance involving misfeasance because of nonperformance of duty under the circumstances. In *Barrett* v. *Southern Ry. Co.*, 41 *Ga. App.* 70 (5) (151 S. E. 690), the court said: "A person who by his own act creates a fire on his premises is under a duty to owners of adjacent property to exercise ordinary care to prevent the spread of the fire to the adjacent property, and where he negligently fails to exercise this duty, and his negligence is the proximate cause of damage to the adjacent property, he is liable to the owner in damages therefor."

There was evidence from which the jury could reasonably infer that the defendant Dunaway was the agent of the defendant M. F. Elliott Lumber Company and that the defendants were negligent in causing damage to the plaintiff. The court erred in granting a nonsuit.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

ON MOTION FOR REHEARING.

After studying the authorities cited by counsel for the defendants on motion for rehearing, we wish to state:

(1) Agency can not be established by declarations of the agent alone. See *Griffith* v. *Federal Land Bank of Columbia*, 190 *Ga.* 578, 580 (10 S. E. 2d 71).

(2) Agency can not be established by general reputation in the community as to such agency, but the conduct of the principal and agent may be used to rebut the denial of the existence of agency for the purpose of impeaching the testimony and contentions of the principal and agent as to the existence of the agency or the scope of the powers of the agent. The court, in the trial of the case, should instruct the jury to this effect.