CASE 67—ACTION BY JOHN W. JONES AGAINST EDMUND WALTER AND OTHERS TO ENJOIN THE COLLECTION OF AN EXECUTION.—MAY 14.

## Jones v. Walter and Others.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

DEMURRER TO PLAINTIFF'S PETITION SUSTAINED AND HE APPEALS. REVERSED.

BANKRUPTCY—DEBT NOT SCHEDULED—DISCHARGE—NOTICE OF PROCEEDING.

Held: 1. A bankrupt's petition to restrain the collection of a provable judgment after plaintiff's discharge, alleging that, though defendant's debt was not duly scheduled in time for proof and allowance thereof, plaintiff's failure to schedule the same arose from his failure to remember its existence, but that defendant had notice or actual knowledge of the proceedings in bankruptcy in course of which plaintiff's discharge was granted, was sufficient, under section 17 of the bankruptcy act of 1898 (30 Stat., 550, c. 541 [U. S. Comp. St., 1901, p. 3428]), declaring that a discharge in bankruptcy shall release the bankrupt from all provable debts except such as have not been scheduled in time for proof and allowance, with the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

Jones v. Walter and Others.

JOHN G. WINN, FOR APPELLANT.

The sole question to be determined on this appeal is whether, if the allegations of the petition be true, the plaintiff was released from the debt in controversy by his discharge in bankruptcy.

The first requisite is to aver facts showing that the debt was "provable." This was met by not merely alleging a conclusion, but we allege particularly the origin and consideration of the debt, that it was for merchandise sold on open account, and we further enumerate all the exceptions, and allege that the debt is not embraced by any of them except the third, which is the failure to schedule the debt, and this is avowed and acknowledged, and excuse and explanation are made for its omission, the gist of which is the statement that it was not knowingly or fraudulently omitted by the plaintiff from the schedule. We also allege that the appellees had actual knowledge of the proceeding in the course of which the discharge was granted, and this notice is positively alleged in the language of the act itself, and this we contend counteracts the failure to schedule.

### AUTHORITIES.

Bankrupt Act of 1898, sec. 17, subsec. 3; Tyrrell v. Hammerstein, 6 Am. B. R., 430; Collins v. McWalter, 6 Am. B. R., 593; Thurmond v. Andrews, 10 Bush, 403; Payne v. Able, 7 Bush, 346.

LEWIS APPERSON, ATTORNEY FOR APPELLEE.

The bankrupt act provides as follows: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as have not been scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Plaintiff says in his petition, "that at the time of making the schedule in bankruptcy, he did not know of the existence of said debt," but he states that it was a judgment rendered in the Montgomery circuit court, and that all the knowledge of appellee's debt had long since passed out of his mind, and for that reason did not place it upon the schedule; and attempts to evade the present statute by stating that it was not knowingly or fraudulently omitted by him from his schedules.

Then appellant pleads that appellees had "notice or actual knowledge" of the pendency of the proceeding in bankruptcy. "This is pleading in the alternative whiche is not allowed under

Jones v. Walter and Others.

our rules of pleading, without the averment that one or the other of the facts is true, and that he does not know which of them is true. In addition there is no allegation that the appellees had notice or actual knowledge of such proceedings while they were pending, or in time to have proven their claim.

### AUTHORITIES CITED.

Bankrupt Act of 1898, sec. 17, subdiv., 3; Tyrrell v. Hammerstein, 6th A. B. Reps., 430; Collins v. McWalter, 6 A. B. Reps., 593; In matter of Frank Monroe, 7 A. B. Reps., 706; Loveland on Bankruptcy, sec. 292, p. 624; Loveland on Bankruptcy, p. 796, subsec. 3 of sec. 17 of the bankrupt law of 1898; Bankrupt Law of 1898, sec. 58; Collier on Bankruptcy, 3d ed., pp. 197 and 198; Civil Code, subsec. 4 of sec. 113.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This action was brought by the appellant, John W. Jones, against the appellees, Edmond Walter, etc., to enjoin the collection of an execution which had issued against him in favor of the appellees upon a judgment for $319.49, with interest from the 17th day of December, 1889, in the name of Albert Berger & Co., of which firm appellees are now the sole surviving partners, upon the ground that he had on the —— day of January, 1900, been duly adjudged a bankrupt, and released from all debts provable in bankruptcy existing on that day from which he could be discharged, and which included the debt of the defendants; and that the discharge had been granted to him by the District Court of the United States for the District of Kentucky, and that his discharge had never been revoked or set aside, but was still alive and in full force; that the debt evidenced by the judgment was for merchandise sold and delivered to him by the defendants, and was provable in bankruptcy; that the defendants' debt was not duly scheduled in time for proof and allowance with the name of the creditor for the reason that he did not at the time of making out his schedule in bankruptcy remember its existence, but

that the defendants Edmond Walter and Alphonse Walter, who are now claiming the right to collect said judgment, had notice or actual knowledge of the proceedings in bankruptcy in course of which his discharge was granted, and prays for a perpetual injunction against further proceedings looking to the collection of the debt. The defendants filed a general demurrer to plaintiff's petition, which was sustained, and, plaintiff declining to plead further, his petition was dismissed, and he has appealed.

The sole question for decision is the sufficiency of the petition. So much of section 17 of the national bankruptcy act of 1898 (30 Stat., 550, c. 541 [U. S. Comp. St., 1901, p. 3428]) as is important for us to consider in the determination of this question, reads as follows: "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as  .  .  .  (3) have not been scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." It is conceded that defendants' debt was provable against the bankrupt estate, and plaintiff admits that it was not scheduled in time for proof and allowance with the name of the creditor. It therefore follows that his discharge affords no protection against the collection of defendants' debt, unless they had notice or actual knowledge of the proceedings in bankruptcy. It was held by the federal courts that under the bankrupt act of 1867 (15 Stat., 227, c. 258), a discharge was a bar, even though the creditor owing the debt was omitted from the schedule, and received no notice of the proceedings, provided such omission was not willful or fraudulent, and the notice required by the statute had been duly published. See Loveland on Bankruptcy, p. 624. But the jurisdiction of the creditor

under the present act depends not on the petition and adjudication, but on the facts either that the debt was duly scheduled in time for proof and allowance, or, if not, that the creditor had notice or actual knowledge of the proceedings in bankruptcy. There is evidently a difference between the words "notice" and "actual knowledge" of the proceedings in bankruptcy, as used in the statute. Section 58 of the act provides that creditors shall have at least 10 days' notice by mail to their addresses as they appear in the list of the creditors of the bankrupt or as afterwards filed with the paper in the case by the creditors, unless they have waived notice of any right of all examinations of the bankrupt, all hearings upon application for the confirmation of compositions or discharge of bankruptcy, all meetings of creditors, all proposed sales of property, or declarations and time of dividends, the filing of final accounts with the trustee, etc. The notice contemplated by this statute is evidently a written notice by mail. Note "b" provides that notice to creditors to the first meeting shall be published at least once, and may be published such number of additional times as the court may direct; that all notices shall be given by the referee, unless otherwise ordered. The notices contemplated by this section of the statute is a written or printed notice to the creditors. But section 17 evidently contemplates that the creditor may have actual knowledge of the proceedings in bankruptcy derived from other sources than either of the modes pointed out in the statutes. If it be clearly shown that the creditor has actual knowledge of the application for a discharge in bankruptcy by the debtor and the pendency of the proceedings, in time to have asserted his claim in the proceedings, no difference how this knowledge may have been acquired, it would be an effectual bar to the assertion of his

claim against the bankrupt after discharge. Plaintiff's allegation on this point is in the language of the statute, and upon demurrer must be taken as true, and, in our opinion, is sufficient to support a cause of action. The chancellor therefore erred in sustaining the demurrer thereto.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.