## First National Bank of Jackson v. Strong et al.

(Decided March 22, 1929.)

W. L. KASH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Reversing.

On December 30, 1920, the appellee William Strong and one Jerry Roberts, executed and delivered to the ap-

pellant their promissory note for the sum of $500, due and payable six months after date with interest from maturity until paid. This note was renewed at stated intervals until December 30, 1925, on which date they failed to pay or renew the note, and appellant instituted suit thereon in the Breathitt circuit court, where it recovered judgment against them on March 24, 1927, for $500, with interest from December 30, 1925, until paid. On June 29, 1927, it instituted this action in the Lee circuit court against William Strong, Ellen Strong, C. W. Strong, and Margaret Porter, for the purpose of enforcing its judgment, alleging that at the time it made the loan Strong was the owner, had the title to, and was in possession of, a large tract of land described in the petition, situate in Lee county, of the value of $6,000, and that it loaned said money upon the strength of his title to said land and its value; that on May 31, 1922, Strong and wife conveyed an undivided one-fourth interest in that land to their son, and appellee C. W. Strong, and that on June 1, 1922, William Strong and wife conveyed an undivided one-fourth interest in the land to their daughter, Margaret Porter, and that on June 3, 1922, Margaret Porter conveyed that interest to the appellee C. W. Strong, and that on November 2, 1925, William Strong conveyed the other half interest of the land to his wife, the appellee Ellen Strong; that each and all of said conveyances were voluntary and without consideration, and were made and executed for the purpose of cheating, hindering, and delaying the creditors of William Strong, including this appellant, and for the purpose of defeating Strong's creditors, including appellant, in the collection of their debts against him; that Strong and Roberts are now both insolvent; and it prayed that the conveyances, and each of them, be set aside, and the land, or a sufficiency thereof, be subjected to the payment of its debts. On March 6, 1928, the appellees filed a demurrer to that petition which was overruled, and thereafter the appellee William Strong alone filed an answer in which he pleaded that the note originally executed was the debt of Jerry Roberts, and that he was only surety of said Roberts thereon, and that on the 16th day of June, 1927, he was adjudicated a bankrupt in the District Court of the United States for the Eastern District of Kentucky, "and that in his schedule of liabilities filed in said action, the judgment herein sought to be enforced was listed," and that on February 28, 1928, he was duly discharged from lia-

bility on said debt. The answer does not controvert a single allegation of the petition, and the only defense asserted is that Strong was surety on the original note; that he had been adjudicated bankrupt; that in his schedule of liabilities the judgment sought to be enforced was listed; and that he had been discharged as a bankrupt.

The cause was submitted to the court upon the pleadings, whereon the court rendered judgment dismissing the petition and adjudicating appellees their costs. The appellees Ellen Strong, C. W. Strong, and Margaret Porter made no defense whatever except the filing of their demurrer to the petition.

The sole question before us is whether the answer of William Strong sufficiently pleads his adjudication in bankruptcy and discharge so as to bar appellant's right to enforce its judgment and to subject the land described in the petition to its debt. Consideration of this question involves a discussion of the National Bankruptcy Act (11 USCA) and its requisites as to the scheduling of his debts by a bankrupt, so as to make his discharge therefrom a bar to their future assertion against him.

Section 7 of the National Bankruptcy Act (11 USCA sec. 25) provides: "The bankrupt shall . . . (8) prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any. . . ."

Section 17 of that act (11 USCA sec. 35) provides: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . . (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

In order, therefore, to bring a creditor into his bankruptcy proceedings, so as to be discharged from the debt, the debtor is required, in his schedule of liabilities, to list each of his creditors by name, giving their places of residence, if known, and, if unknown, to state the fact, the amount due each of them, the consideration for each debt, and whether the creditor has any security therefor.

This constitutes due scheduling. Under section 17, above quoted, the bankrupt is only discharged from such debts as have been "duly" scheduled.

A debt is not duly scheduled unless the name of the creditor is correctly set forth in the schedule; and a misnomer is ground for holding that the debt was not duly scheduled. Custard v. Wigderson, 130 Wis. 412, 110 N. W. 263, 10 Ann. Cas. 740; Miller v. Guasti, 226 U. S. 170, 33 S. Ct. 49, 57 L. Ed. 173.

The debt of a creditor, whose address is incorrectly stated, is not a duly scheduled debt. McKee v. Preble, 154 App. Div. 156, 138 N. Y. S. 915; Guasti v. Miller, 203 N. Y. 259, 96 N. E. 416; Miller v. Guasti, supra.

The answer of William Strong contains no facts from which it is made to appear that the debt of appellant was "duly" scheduled by him in his list of liabilities. There is no allegation that the debt sued on was scheduled in the name of the appellant, First National Bank, no allegation as to the listing of its place of residence, no allegation as to the amount of the claim listed, nor the consideration for it, or whether it held any security. The allegation that "the judgment herein sought to be enforced was listed" is not sufficient. The judgment might have been listed merely as a judgment of the Breathitt circuit court against Strong, without giving the name of the holder of the judgment, or it might have been listed in the name of appellant, without giving its address; in either of which cases such listing would not have constituted the indebtedness a duly scheduled debt. No information would have been afforded in either case whereby notice could have been given appellant. Notice of the proceeding, as in every action instituted in the courts, is necessary to every person to be affected by it.

Under the provisions of section 17 of the act, supra, if the claim of the creditor has not been duly scheduled so that notice of the proceeding may be given him, the burden is upon the bankrupt to show that the creditor had actual notice or knowledge of the bankruptcy proceedings. Hill v. Smith, 260 U. S. 592, 43 S. Ct. 219, 67 L. Ed. 419; Jones v. Walter, 115 Ky. 556, 74 S. W. 249, 24 Ky. Law Rep. 2459. There is no allegation in the answer that the appellant had any notice or knowledge of the bankruptcy proceedings, or took any steps therein, or asserted its claim therein. And, since the answer contains no statement of facts going to show that the claim of appellant was duly scheduled, it was necessary that it

608

be alleged in the answer that appellant had actual notice or knowledge of the proceedings, in order that the discharge pleaded might operate as a bar to the assertion of its claim in this action.

Section 386 of the Civil Code provides that, on the trial of actions at law, ''judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him.'' Reasoning therefrom and by analogy, when an equitable action is submitted on the pleadings, judgment should go for the party whom the pleadings entitle thereto. See Newman's Pleading and Practice (3d Ed.) sec. 509.

The petition in this case states a cause of action under section 1906 et seq., Kentucky Statutes. The answer presents no defense to it. The case having been submitted to the court upon the pleadings, appellant was entitled to a judgment, and the court erred in dismissing the petition.

Wherefore the judgment is reversed, with directions to enter a judgment for appellant in accordance with the prayer of its petition.

Whole court sitting.