## Daffron v. Smock.

(Decided Jan. 24, 1933.)

LAWRENCE S. GRAUMANN for appellant.

GARNETT & VAN WINKLE and WILSON W. WYATT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming in part and Reversing in part.

The appellee, Dr. S. J. Smock, sued the appellant, W. F. Daffron, and his wife, in equity on a note for

$1,000, and had an attachment levied on their property. Judgment against the wife went by default. The defense to the suit made by Daffron was that he had been adjudicated and discharged as a bankrupt, and, while he had not listed this liability in his schedule, that the plaintiff had notice and actual knowledge of the bankruptcy proceedings, and was therefore barred from a recovery. Section 17 of the Bankruptcy Act (11 USCA sec. 35) so provides. Upon a trial of that issue, the court rendered judgment in favor of the plaintiff, and the defendant appeals upon the sole ground that the issue of fact should have been determined in his favor.

The burden was upon the defendant to maintain the issue, since he admitted that the debt was not scheduled. First Nat. Bank of Jackson v. Strong, 228 Ky. 604, 15 S. W. (2d) 477; Hill v. Smith, 260 U. S. 592, 43 S. Ct. 219, 67 L. Ed. 419.

The defendant testified that, although he had signed the note as surety for his wife on December 19, 1928, and had filed his petition in bankruptcy only two days later, he had overlooked it in preparing his schedule. He also said that, as the property mortgaged to secure the note was in his wife's name, he did not suppose it should be listed. He testified that a few days afterward he advised his trustee in bankruptcy of the omission, the trustee advised him to tell Dr. Smock about it, and he had promptly gone out to Lagrange and told him of the pendency of the bankruptcy proceeding. This is emphatically denied by Dr. Smock, and the trustee also contradicts the defendant. Dr. Smock denies any knowledge of the proceedings until after the note had matured.

There is proof of efforts on the part of Dr. Smock to collect the note and his knowledge then that Daffron had been through bankruptcy. But every one of these incidents was after the note had become due, which was December 19, 1929, and was months after the defendant had been discharged in bankruptcy, which was in July, 1929. This evidence proved nothing on the issue of a knowledge before the discharge, and cannot bring the unscheduled debt within the operation of the discharge. It was so held in Birkett v. Columbia Bank, 195 U. S. 345, 25 S. Ct. 38, 40, 49 L. Ed. 231, where it is written:

"Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to

avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors,—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends (sec. 65 [11 USCA sec. 105]). The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor.''

We have no difficulty in following the chancellor on the issue of fact and in holding there was no actual knowledge on the part of the creditor.

The main argument of appellant's learned counsel is that the appellee's son had notice and knowledge of the bankruptcy proceedings, and that he was the general agent of his father; hence that a notice was imputed to his principal. Waiving the question as to the contemplation of and distinction to be drawn between "notice" and "actual knowledge," as used in this clause of the Bankruptcy Act (see Jones v. Walter, 115 Ky. 556, 74 S. W. 249, 24 Ky. Law Rep. 2459), we consider the evidence upon the point. The son was instrumental in bringing about the transaction out of which the note sued upon arose. It was an exchange of property held in the appellant's wife's name for some property owned by Dr. Smock, and an agreement by him to lend Daffron and his wife $1,000 on the property she received that he might carry on his business, that of a builder. The trade was made by Dr. Smock personally, and it was he who loaned the money. Upon several occasions the son had located building lots and submitted the propositions to his father to buy them and build houses upon them. It seems that he had the plans prepared and attended to the details, but he never undertook to bind his father in these matters, and the purchase of the lots and the financing of the buildings was always by Dr. Smock personally. The son superintended the erection of the buildings, and often signed checks upon his father's bank account for the payment of material and labor. He was indebted to his father and mother in a considerable sum, and it was agreed between them that any profits made upon these ventures should be credited on the debt.

While it is the law that knowledge of an agent is generally imputed to, and is regarded as the knowledge of, the principal, that law is qualified by the rule that it

is only in respect to matters with which the agency is concerned or within the scope of the agency and so related to its purpose as to impose the duty of informing his principal. Levi v. Gozenbach, 236 Ky. 586, 33 S. W. (2d) 657; 2 C. J. 863, 866. The appellant would bring his case within the rule of apparent or ostensible agency on the part of the son, or the rule of an actual general agency, proved by circumstances, the probative quality of which is better and more acceptable than the categorical denials of agency, as is recited and applied in Louisville Cement Company v. Clell Coleman & Sons, 222 Ky. 183, 300 S. W. 633.

The laws are good, but the "point is in the application." Though it be conceded that the evidence discloses such a custom of dealing as made the son the father's agent in respect to the real estate trades and building construction, it cannot be said by any means that it shows an agency to receive notice that his father's debtor was going through the process of being declared a bankrupt or that his knowledge of it was the father's knowledge. The matter was entirely foreign to any proved agency relationship between them. We may note two cases directly in point.

In Strickland v. Capital City Mills, 74 S. C. 16, 54 S. E. 220, 7 L. R. A. (N. S.) 427, it was held that an attorney, who was employed to represent a creditor in a suit on a claim for damages in the state court, was not by virtue of that relation such an agent or representative of the creditor that his personal knowledge of the debtor's bankruptcy proceedings could be imputed to the creditor and thereby deprive him of setting up a claim after bankruptcy where the debt was omitted from the schedule. It was regarded as a matter not within the scope of the attorney's agency and that the duty was not imposed upon him to inform his client.

In Collins v. Crews, 3 Ga. App. 238, 59 S. E. 727, it was held that knowledge of pending bankruptcy proceedings by a traveling salesman, who had sold merchandise to the bankrupt for which the debt was created, was not such knowledge on the part of his employer as prevented him from recovering on his claim after bankruptcy where it had been omitted from the schedule.

In our opinion, the defendant did not sustain the plea of notice and actual knowledge on the part of his

creditor in time to have proved his claim; hence that the claim survived the discharge, and the judgment is correct.

On the matter of attachment. While the evidence to sustain the grounds of attachment was meager, it was probably sufficient. However, the attachment should have been discharged upon a technical ground. The affidavit was embodied in the petition, and was, in part, that the plaintiff, "as he believes," ought to recover the sum stated. The verification was that the statements contained in the petition "are true to the best of his knowledge and belief." In the recent case of Kengreen Gas Utilities Corporation v. Crozer, 244 Ky. 440, 51 S. W. (2d) 262, the sufficiency of such an affidavit is fully reviewed, and in harmony with a long line of decisions it was held that, where a litigant only states in effect that "he believes that he believes" an allegation to be true, it is not sufficient to sustain the attachment. We cannot distinguish the cases, and upon this ground the attachment should have been discharged.

Wherefore the judgment is affirmed, except to the extent that it sustains the attachment. That part of it only is reversed.