## Crozer v. Scott et al.

(Decided June 20, 1933.)

A. T. W. MANNING for appellant.

B. J. BETHURUM and H. C. KENNEDY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellees, T. M. Scott and Virgil Whitaker, sued the appellant, Hugh Crozer, to recover $880 claimed to be due as compensation for obtaining oil and gas leases. A general order of attachment was issued. The appeal is from a judgment for $770 credited by $120 and sustaining the attachment.

There is but little dispute as to the terms of the contract. It was understood that the leases were being obtained by Crozer for an undisclosed principal as they were taken in his name as trustee. The defendant set up a writing signed by, the plaintiffs as a settlement. This was attacked as having been procured by false and fraudulent representations. To avoid the effect of the writing, the plaintiffs testified that he told them that the company for whom he had them procure the leases had "gone busted," and that whatever he paid them would be out of his own pocket and he would be losing it. They told him they had been out about $100 in expenses in using their automobile and it did not look right for them to lose it. Crozer proposed paying them $80 to cover the expenses and $40 for their services. They agreed to take it and the money was paid. A receipt and statement of settlement was drawn up by Crozer and signed by Scott and Whitaker. Whitaker testified he did not read it and did not know he was signing a settlement. The record is silent as to what Scott did other than to sign the paper. Crozer had declined to tell them who his principal was, and upon several occasions had told them one thing and another as to where the man lived. They relied upon the statements of Crozer that he would lose the money because of the insolvency of his principal. Had they known it was the Kengreen Gas Utilities Corporation, as subsequently developed, they would not have settled with him. Conversations between the parties after the settlement was made have little, if any, bearing upon the question of misrepresentation. Sometime afterward the plaintiffs learned that Crozer had filed suit against the Kengreen Corporation in Fayette county to recover compensation for securing these leases. When he was asked about it Crozer told them that it was for some engineering he had done for that company. They procured a copy of the petition, however, which was filed in evidence here. Crozer was called as a witness in behalf of the plaintiffs and stated he had obtained a judgment against the Kengreen Corporation and had had certain of its property sold under an attachment. But he testified that at the time of the settlement with the plaintiffs he did not know that that company owned the property. His testimony in his own behalf was in effect that he had explained to the plaintiffs that the leases had expired and his principal had failed to take them over and

it was problematical whether or not he would get any money out of them; therefore, he did not feel like he ought to pay them in full and lose it all. They agreed to settle upon the basis of $80 for expenses and $20 each for their services. He had been taking the leases for Greenspawn & Co. and did not learn until about two weeks after the settlement with the plaintiffs that the Kengreen Corporation had taken over the rights of that company. He had never realized anything for the leases involved, although he had a judgment against the Kengreen Corporation, which was then in receivership.

The litigation between Crozer and Kengreen Corporation reached this court, and, while the personal judgment was not affected, a sale of the property under attachment was set aside and the attachment ordered discharged. Kengreen Utilities Gas Corporation v. Crozer, 244 Ky. 440, 51 S. W. (2d) 262.

Plaintiffs failed to prove a fact essential to set aside the settlement, that is, that the representations made to procure it were false. They did not show it was untrue that Crozer would have to bear personally the money paid under the settlement.

The affidavit for the attachment embodied in the petition was that the plaintiffs "ought, as they believe, to recover" the sum of $880 on their claim. The verification was that the statements of the petition were true as the affiant "verily believes." This is the same form as that followed in the Kengreen Case and held to be insufficient to sustain the attachment. See, also, Daffron v. Smock, 247 Ky. 98, 56 S. W. (2d) 712. A motion was seasonably made in this case to discharge the attachment upon the face of the papers, but the attachment was sustained. That was error.

The judgment should have gone in favor of the defendant.

Judgment reversed.