### Foos v. Chenault.
(Decided March 9, 1937.)

ALLEN PREWITT and E. C. O'REAR for appellant.

HUGH O. PORTER and JOHN NOLAND for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This appeal presents one question only—the priority of an attachment lien between two creditors. The Citizens National Bank instituted an action in the Madison circuit court on October 11, 1932, against Jennie Walker Held and Belle Walker, seeking and obtaining a judgment against them for $2,469.41. Also, obtained an attachment against the property of the defendants, Jennie Walker Held and Belle Walker,

which was executed on October 11, 1932, by the sheriff of Madison county, by delivering a true copy to Jennie Walker Held, Belle Walker and Jeanette E. Ross, attaching money in the hands of R. B. Terrill, master commissioner, and Jeanette E. Ross, clerk of the Madison circuit court, that belonged to Jennie Walker Held and Belle Walker. On December 19, 1932, the Citizens National Bank filed its amended petition and affidavit, and caused another attachment to be issued and served upon Jennie Walker Held and Belle Walker, by giving them a true copy; also, to R. B. Terrill and Jeanette E. Ross, attaching the money belonging to Jennie Walker Held and Belle Walker, in the hands of the clerk and master commissioner.

After this action had been pending for some time, appellant, Lillian Foos, filed her intervening petition on March 7, 1935. It was offered to be filed sooner than that date, but the date is not important. In her petition she alleged that she also commenced an action in the Madison circuit court on May 4, 1934, against Jennie Walker Held and Belle Walker for the sum of $3,854.87, and against Jennie Walker Held for $2,328.43; and at that time caused an attachment to issue against the same parties and to be levied upon the same fund in court that was adjudged to Jennie Walker Held and Belle Walker in a suit, No. 2728. She further alleged that the attachment lien sought by J. P. Chenault, receiver for the Citizens National Bank, and now the appellee and the judgment and order sustaining the attachment in said action upon the same fund, that her attachment was levied upon was void, for the reason, the Citizens National Bank failed to make oath to the petition or amended petition, as required by section 196, Civil Code of Practice; that, in fact, no affidavit by the bank or its president, was made at all as a basis for the attachment. Demurrer was filed to appellant's intervening petition, which was sustained; the court then adjudged that appellee, J. P. Chenault, receiver for the Citizens National Bank, had the first and best lien on the money attached; that the intervening petitioner, which is appellant herein, had a second lien on the fund; that the court ordered the money to be paid to J. P. Chenault, receiver, to the extent of the debt due the bank and directed that whatever excess there might be, be paid to Lillian Foos or Allen Prewitt, her at-

torney. To this ruling, Lillian Foos objected and excepted and prayed an appeal to this court.

Appellant's counsel insist that the affidavit to the petition, wherein it set out the grounds of attachment filed on October 11, 1932, was not properly sworn to, for the reason that the plaintiff's jurat is as follows: "The statements in the above petition are true as he verily believes." He claims that in short the effect was, that he believed that plaintiff believed that they should recover certain sums, and that any attachment thereunder was not simply erroneous, but utterly void.

On examining the petition we find that it is true that the plaintiff stated, that he believes, that they ought to recover of the defendant, Belle Walker, etc., certain amounts of money, and then when we examine the jurat, we find that W. C. Bennett, as president of the Citizens National Bank, states "that the above petition is true as he verily believes." Affidavits sworn to in that manner have been condemned by this court in the cases of Kengreen Gas Utilities Corp. et al. v. Crozer et al., 244 Ky. 440, 51 S. W. (2d) 262; Daffron v. Smock, 247 Ky. 98, 56 S. W. (2d) 712; Crozer v. Scott et al., 250 Ky. 48, 61 S. W. (2d) 896. Following the line of cases quoted, we conclude that the first affidavit and petition were not properly sworn to, and, therefore, the attachment issued under that was void.

Counsel for appellant further insist that the amended petition did not cure the defect referred to. After a careful examination of the amended petition, we are unable to agree with counsel. The amended petition was filed on December 12, 1932. In the beginning, part of the amended petition of the Citizens National Bank. specifically reaffirms and reiterates each and every allegation of its original petition not otherwise inconsistent. Then, at the end of the petition, just before the prayer, this language is used: "The original cause of action is adopted in this amended petition, word for word, and figure for figure." In our judgment the allegations in the petition, including the grounds of attachment as set out therein, were made a part of this amended petition, which authorized the issuance of the order of attachment. Another attachment was immediately issued and served in the proper manner upon Jennie Walker Held and Belle Walker; also, upon the funds in the hands of R. B. Terrill, commissioner, and

Jeanette E. Ross, clerk. Then the lien caused by this levy of attachment of December 12, 1932, being levied prior to appellant's attachment of date March 7, 1934, would be prior to and a first lien upon the funds in the hands of R. B. Terrill, master commissioner, and Jeanette E. Ross, clerk of the circuit court.

Therefore, we conclude that the court properly sustained a demurrer to the interplea of appellant.

Judgment affirmed.