ALIDA M. SICARD *vs.* BENJAMIN W. GROSSMAN.

MARCH 18, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is an action of the case in which the plaintiff is seeking to recover money paid by her to the defendant. It was heard by a justice of the superior court sitting without a jury. Following his decision for the plain-

tiff for $176.80, the defendant prosecuted his bill of exceptions to this court. The only exception now pressed is to such decision.

The facts herein are not in dispute. The defendant, who was a furniture dealer, presented no evidence. The record shows that on September 24, 1929, the plaintiff made arrangements to buy from him certain specific furniture, the price of which was $220. On that date she paid him a small deposit and received a receipt, the furniture, however, remaining in his possession. From time to time thereafter, payments were made to the defendant on account of the purchase price of this furniture until the balance remaining due was $60. On July 15, 1932, the plaintiff's husband, on her behalf, went to the defendant's place of business with $60 to make the final payment and get the furniture, but found no one there. Investigation disclosed that the defendant had been petitioned into bankruptcy. This was the first knowledge or information that the plaintiff had of this fact. She never received the furniture in question.

The bankruptcy records reveal that an involuntary petition was filed against the defendant April 2, 1932, and that he was adjudicated a bankrupt April 21, 1932. Schedules were filed April 18, 1932, but they did not contain the name of the plaintiff as a creditor. Upon petition of the trustee in bankruptcy for permission to sell the assets of the bankrupt's estate free and clear of liens, an order was entered May 6, 1932, by the referee in bankruptcy authorizing such sale, and referring specifically to the defendant's stock of furniture. The assets were thereupon sold, and the defendant was discharged in bankruptcy July 5, 1932.

The plaintiff herein declared on book account and on the common counts. The defendant answered generally and also pleaded his before-mentioned discharge. The pertinent portion of the National Bankruptcy Act of 1898, U. S. Code Ann., title 11, § 35, relating to the defence last set up, is as follows: "A discharge in bankruptcy shall re-

lease a bankrupt from all of his provable debts, except such as . . . (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." It has been held, in reference to this section, that if the creditor proves he was not included in the schedules, then the burden is on the bankrupt to show timely notice to or actual knowledge by the creditor of the bankruptcy proceedings, before the discharge operates as a release of the debt in question. *Hill* v. *Smith,* 260 U. S. 592.

Section 1 (9) of the National Bankruptcy Act, *supra,* contains the following definition: " 'Creditor' shall include anyone who owns a demand or claim provable in bankruptcy . . .." As to provable debts against a bankrupt, § 103 of the National Bankruptcy Act, *supra,* reads as follows: "(a) Debts of the bankrupt may be proved and allowed against his estate which are . . . (4) founded upon an open account, or upon a contract express or implied."

In the instant case, definite and clear evidence is lacking in the record to show the precise arrangement or understanding between the parties on September 24, 1929, when the plaintiff selected the furniture involved herein and made her first deposit. From such testimony as bore upon this issue, the trial justice found that the transaction constituted a sale, that title passed at once to the plaintiff, but that the defendant was to keep possession of the furniture under a claim of lien until the balance of the purchase price was paid. We are unable to say that this finding was clearly wrong.

No evidence was introduced to the effect that the defendant did not have the furniture in question in his possession when the bankruptcy proceedings were begun. If the fact was otherwise, the burden was on the defendant to show it. It would appear, therefore, that he would, at that time, have a claim against the plaintiff for the balance of the money then due on the furniture. This claim

would be an asset of the defendant's estate in bankruptcy, secured by the plaintiff's furniture, upon which the defendant had a lien, and, therefore, should have been listed and included by him in his schedules as a secured asset.

Further, if, under the facts proved herein, the plaintiff can properly be considered a creditor of the defendant at the time the bankruptcy proceedings were started, then clearly he was under a duty to so set her out in the proper schedule. His failure to place her name in any of his schedules prevented her from receiving timely notice of the bankruptcy proceedings, and from taking such steps to protect her rights as she might deem necessary under the circumstances. If, however, the plaintiff was not a creditor of the defendant when he was petitioned into bankruptcy, by reason of not having a provable claim, or did not become a creditor until July 15, 1932, when, in order to obtain the furniture, the balance due thereon was offered the defendant, then his defence that the plaintiff's claim was released by his discharge in bankruptcy is not good. In these contingencies either the plaintiff's claim would not be affected by the bankruptcy proceedings, or it would be a new claim arising after the defendant's discharge.

He also contends, however, that, if the plaintiff was a creditor, she received notice and had actual knowledge of the bankruptcy proceedings in time to satisfy the requirements of the provisions of the National Bankruptcy Act, *supra*, relating to the discharge of a bankrupt's debts. We do not agree with this contention. When the plaintiff first learned on July 15, 1932, of the defendant's bankruptcy, the latter had been adjudicated, a trustee had been appointed, the assets of the bankrupt estate had been disposed of, and the defendant had been discharged.

The above section of the National Bankruptcy Act, *supra*, frequently has been construed with reference to the sufficiency of the creditor's notice and knowledge of the bankruptcy proceedings. A leading case is *Birkett* v. *Columbia Bank*, 195 U. S. 345, wherein, at page 350, it was

held that: "Actual knowledge of the proceedings contemplated by the section is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends." We are of the opinion that the record herein clearly discloses that the plaintiff did not obtain information about the proceedings in question in time to avail herself of the benefits of the law, or to allow her to participate in the administration of the affairs of the estate. While undoubtedly the plaintiff could have filed a claim against the bankrupt's estate for the money she had paid the defendant, and possibly obtained a dividend thereon, this remedy did not fully protect her. Proper notice of the proceedings would have enabled her to present a claim to the trustee, looking toward the recovery or reclaiming of the furniture in question on the payment by her of the balance then due. This substantial right, and with it her day in court, she lost by reason of the defendant's failure to include her name in his schedules.

The defendant claims that the decision in *Bessette* v. *Petrucci*, 51 R. I. 287, supports his position. In that case the court found that the plaintiff, as a creditor, had the notice and knowledge of the bankruptcy proceedings called for by the provisions of the National Bankruptcy Act, *supra*, although he was not listed in the schedules. The record there, however, shows that the creditors met in the plaintiff's office, that he helped prepare the schedules, and that he stated later to the referee in bankruptcy that he had a claim against the bankrupt, but refused to file it for reasons of his own. That case and the present case are clearly distinguishable on their facts. In our judgment, the decision of the trial court is correct.

The defendant's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the decision.

6

*Atwood, Remington, Thomas & Levy, Arthur J. Levy,* for plaintiff.

*Herman J. Aisenberg,* for defendant.