## Garber v. Wender's Ex'x.

Oct. 1, 1940.

James M. Gilbert, Judge.

Logan E. Patterson for appellant.

Cleon K. Calvert for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On February 13, 1933, Saul Garber, Morris Wender, and A. Garber executed and delivered to Hobart Adkins their promissory note for $2,000. It is alleged and not denied that Saul Garber and Morris Wender were principals and that A. Garber was surety on the note. On February 23, 1933, Saul Garber, Morris Wender, and one Isaac Ginsberg, individually and as partners, trading and doing business as Ginsberg Department Store, and Saul Garber and Morris Wender, individually and as co-partners, trading and doing business as the Cincinnati Bargain Store, filed their joint and several petitions in bankruptcy. Morris Wender and Saul Garber listed in the schedule of liabilities in the bankruptcy proceedings a debt of $2,000 due Hobart Adkins of Jellico, Tennessee, which was his correct address. On March 13, 1934, Saul Garber and Morris Wender, who had been adjudged bankrupt, received their discharge.

Thereafter A. Garber instituted this action against Morris Wender alleging in his petition that he had paid in full the note of $2,000 to Hobart Adkins; that Saul

Garber was his son and he had forgiven his part thereof, but that a balance of $1,000 was due him thereon from Morris Wender for which sum he prayed judgment with interest. After filing answer the defendant died and, upon motion of plaintiff, the action was revived against Anna May Wender, as his executrix, and upon her motion she was permitted to and did adopt the answer filed by him but also filed an amended and second amended answer. The answer as amended set up the listing of $2,000 due Hobart Adkins and the discharge in bankruptcy, and alleged that by reason of such discharge the defendant was discharged and relieved from any and all obligation on the note referred to in plaintiff's petition. By reply plaintiff admitted that the $2,000 debt to Hobart Adkins was listed as a liability in the schedule of the defendant, but alleged that such obligation or liability was only referred to in the name of Hobart Adkins and that plaintiff was not listed as a creditor of Morris Wender nor did his name or address appear in such schedule; that he had no notice of the pendency of the bankruptcy proceedings until long after the defendants were adjudged bankrupt and after the expiration of the statutory time for proving claims. A demurrer to the answer as amended was overruled, but the demurrer was carried to the reply and sustained and, plaintiff declining to plead further, it was adjudged that the petition be dismissed and that he take nothing thereby. This appeal followed.

The record presents two questions: First, was the liability of the plaintiff as surety on the note a provable debt against the bankrupt principal; and, second, did the pleadings filed by the plaintiff state a cause of action?

It is appellee's contention that the liability of appellant as surety on the note was merely contingent, and, since he did not discharge the liability until after the discharge in bankruptcy, he was not a creditor and his claim was not a provable debt as contemplated by the National Bankruptcy Act, 11 U. S. C. A., Sec. 1 et seq. Appellant's response to this is that if the claim was not provable it was not discharged (Kuehner v. Irving Trust Company, 299 U. S. 445, 57 S. Ct. 298, 81 L. Ed. 340); but, be that as it may, we are of the opinion that the claim was provable under the Bankruptcy

Act. The surety held his claim for indemnity that had its origin before the bankruptcy, and his liability was susceptible of liquidation. Section 17 of the Bankruptcy Act provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 U. S. C. A., sec. 35.

In Williams v. United States Fidelity & Guaranty Company, 236 U. S. 549, 35 S. Ct. 289, 291, 59 L. Ed. 713, it was contended that the surety's claim against the bankrupt principal was contingent and, as such, not provable, but this contention was disallowed. In the course of the opinion it was said:

"It would be contrary to the basal spirit of the bankrupt law to permit a surety, by simply postponing compliance with his own promise in respect of a liability until after bankruptcy, to preserve a right of recovery over against his principal, notwithstanding the discharge [which] would have extinguished this if the surety had promptly performed as he agreed. Such an interpretation would effectually defeat a fundamental purpose of the enactment."

In 6 Am. Jur., Bankruptcy, sec. 119, the text, based on the opinion in Williams v. United States Fidelity & Guaranty Company, reads:

"The indebtedness of a bankrupt principal to his surety, who subsequently discharges the obligation in whole or in part, takes effect from the date the surety signs the obligation and may be proved in bankruptcy, even though performance by the surety does not occur until after initiation of the bankruptcy proceedings."

See, also, Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028; In re Cunningham, 4 Cir., 64 F. (2d) 296; Edrington v. Gee, Tex. Civ. App., 30 S. W. (2d) 360; United States Fidelity & Guaranty Company v. Ryan, 124 Wash. 329, 214 P. 433, 39 A. L. R. 109; 2 Remington on Bankruptcy, secs. 778 and 779.

The claim being provable, the burden was on the plaintiff to allege that he was not listed as a creditor of the bankrupt and that his name and address did not appear in the bankrupt schedule in order to bring himself within the exception in section 17 of the Bankruptcy Act, which reads:

> "Except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt."

This he did in his reply. The burden was then on the defendant to allege and prove that plaintiff had notice or actual knowledge of the proceedings in bankruptcy, thus bringing himself under the protection of the exception to the exception in section 17 of the Bankruptcy Act. Hill v. Smith, 260 U. S. 592, 43 S. Ct. 219, 67 L. Ed. 419; Daffron v. Smock, 247 Ky. 98, 56 S. W. (2d) 712; Sicard v. Grossman, 58 R. I. 1, 190 A. 694; Feld Lumber Company v. Bornstein, 118 N. J. L. 357, 192 A. 738.

In Hill v. Smith, supra [260 U. S. 592, 43 S. Ct. 220, 67 L. Ed. 419], the Supreme Court of the United States, in deciding the question as to who had the burden of proof when the debtor claimed that the creditor had actual knowledge of the bankruptcy proceedings, said:

> "But there is an exception to the exception, 'unless the creditor had notice,' etc., and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right. We agree with the Court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor's name from his schedules, he must prove the facts upon which he relies."

We conclude that the trial court erred in sustaining the demurrer and dismissing plaintiff's petition.

The judgment is reversed for further proceedings consistent herewith.