## UNIVERSAL C. I. T. CREDIT CORP. v. COLLETT et al.

Court of Appeals of Kentucky.

March 13, 1953.

E. B. Wilson, Pineville, for appellant.

W. J. Stone and Floyd Taylor, Pineville, for appellee.

STEWART, Justice.

This litigation originated as an action by Joe Green and Hubert Collett against Floyd Wilson to recover $294 which Green and Collett had been required to pay as sureties on Wilson's note to the First State Bank of Pineville. A general order of attachment issued from the action on August 25, 1951, and this was levied by a constable of Bell County on September 1, 1951, upon a 1947 Packard automobile owned by Wilson.

Ten days later, Universal C. I. T. Credit Corporation, hereinafter referred to as "Universal," intervened in the action, alleging that the automobile had originally been sold to one Robert Cheek by H. & T. Packard Company of Pineville pursuant to a conditional sales contract now held by Universal under an assignment, whereby title was retained by the seller as security for the payment of a note for $1,210.95 executed by Cheek to the seller and indorsed

over by the latter to Universal, the amount of the note being also the balance of the purchase price still due on the automobile. Universal further averred the contract had been recorded in the proper office in Bell County, where Cheek resided, on September 10, 1951, and that it held a first and superior lien against the automobile. The intervening petition was made a cross-petition against Cheek and Wilson, and judgment was asked by Universal against Cheek for its debt. On this same date a motion was made to discharge the attachment sued out by Green and Collett. On September 11, 1951, Universal caused an attachment to be levied on the automobile. By an amended cross-petition filed on September 18, 1951, Universal alleged that Cheek had surrendered the automobile back to the original seller, H. & T. Packard Company, which in turn had sold it to Wilson, and that the latter had knowledge of the conditional sales contract. On September 20, 1951, Green and Collett filed an amended affidavit and caused an alias attachment to be issued the same day. This was levied one day later on the automobile.

By order of the court, the car was sold, the proceeds of the sale ultimately totaling the sum of $400. On May 2, 1952, the court declared the first attachment of Green and Collett valid and rendered judgment in their favor for $294, at the same time adjudging Universal to have a second lien on the automobile. This decision was reached upon the pleadings.

The correctness of the lower court's judgment necessarily resolves itself into this single issue: Which of the parties to this appeal acquired the prior lien upon the Packard?

Universal urges that the attachment obtained by Green and Collett on August 25, 1951, and levied on September 1, 1951, gave the latter no lien on the automobile of Wilson. While it is conceded that Green and Collett ultimately filed an amended affidavit and procured a bona fide attachment and lien on the automobile on September 21, 1951, Universal nevertheless insists that by filing for record in the county clerk's office the conditional sales contract on September 10, 1951, it obtained a first and superior lien which had the effect of relegating to inferior status any liens acquired after that date on the automobile.

The affidavit for an attachment was incorporated into the petition filed by Green and Collett and it set forth that "they believe that the collection of their demand will be endangered by delay in obtaining judgment and a return of no property found, and that defendant has no property in this state subject to execution or not enough thereof to satisfy the plaintiffs' claim." The ground, taken from Section 194, subd. 8, par. 2, of the Civil Code of Practice, is stated last part first. The jurat following the prayer was in these words: "The affiant, Hubert Collett, says that he is one of the plaintiffs in the above styled action, and that the allegations in the foregoing are true, as he verily believes." Reading the body of the affidavit and the verification together Green and Collett merely averred they "believe that they believe" Wilson has no property in this state, etc. Attachments are summary proceedings and their technical requisites are strictly construed. In Colovas v. Allen Motor Co., 242 Ky. 93, 45 S.W.2d 809, 810, a case that can scarcely be distinguished in principle from this one, we said: " * * * Where the affidavit states that the affiant believes the facts therein, but is sworn to as true and not on belief merely, or where the affidavit states the facts directly, and it is sworn to on information and belief, it is in either instance sufficient." Here the affidavit did not state the facts directly and it was sworn to on belief, and it is therefore insufficient. See Foos v. Chenault, 267 Ky. 634, 103 S.W.2d 107, and Kengreen Gas Utilities Corp. v. Crozer, 244 Ky. 440, 51 S.W.2d 262.

A conditional sales contract is treated as a chattel mortgage and it must be recorded to protect the rights of one who claims under it from innocent third parties. Denkins Motor Co. v. Humphreys, 310 Ky. 344, 220 S.W.2d 847. It is evident that on September 10, 1951, when Universal filed its conditional sales contract in the proper office, no lien of any character other than

Universal's then existed on the automobile, because, as we have noted, the attachment attempted to be levied on September 1, 1951, by Green and Collett was void. Although the defective affidavit was later amended on September 20, 1951, and the attachment based thereon was levied the following day, the lien created pursuant to the amended affidavit and the levy did not relate back and affect the right previously acquired by Universal at the time it filed its conditional sales contract. See Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S.W.2d 660. It follows that the court committed a reversible error in adjudging as valid the attachment of Green and Collett levied on September 1, 1951, and awarding them a first and superior lien on the automobile.

Wherefore, the judgment is reversed with directions that it be set aside and that a new one be entered decreeing Universal to have a first and superior lien against the Packard automobile and that Green and Collett have a second lien there against, and for further proceedings consistent with this opinion.