**James A. TRAVIS, Appellant,**

**v.**

**Eleanor M. TRAVIS, Appellee.**

**No. 3503.**

District of Columbia Court of Appeals.

Argued June 29, 1964.

Decided Aug. 28, 1964.

Herman Miller, Washington, D. C., for appellant.

Louis Ginberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On January 16, 1944, the parties hereto were married in Maryland. Seven children were born to the marriage. They lived together in Maryland until September 1960 when appellant (husband) left the marital abode without the consent or acquiescence of appellee (wife). On May 17, 1961, the parties executed a Property Settlement Agreement in which they agreed, *inter alia,* that appellee was to have custody of the children, that appellant was to pay appellee $215.00 per week as long as she lived, to be used for her support and for the support, maintenance and education of the minor children, that appellant was to convey to appellee title to the family residence in Maryland which was held by the entireties and to release and discharge a second trust thereon, that real property located in Washington, D. C., owned by the parties by the entireties, together with all securities also jointly owned, was to remain in joint ownership with exclusive right to manage them in appellant, that the weekly support payments to appellee were to be credited against her one-half share of the net income from the Washington, D. C., real property, and that a joint income tax return for the year ending December 31, 1960, was to be filed, appellant to pay all taxes due thereon and indemnify appellee against any liability or loss from taxes or income earned or received by him. The agreement was to remain effective regardless of divorce or remarriage of the parties and might be incorporated but not merged in a final divorce decree if approved by the trial court. On August 14, 1962, appellant obtained an absolute divorce in Maryland. The final decree awarded custody of the minor children to appellee and $215.00 a week for support and maintenance in accordance with the terms of the Agreement.

On June 25, 1963, appellee filed suit in the District of Columbia Court of General

Sessions seeking (1) a money judgment in the amount of (a) $8,222.29 for arrearages due her under the Agreement and (b) $1,347.23 for appellant's income taxes paid out of joint funds; (2) appointment of a sequestrator to collect rents from the property located in the District of Columbia; and (3) conveyance to her, as agreed, of the real property located in Maryland.

Appellant filed an answer embodying a counterclaim asking that appellee be enjoined from interfering with the management of the real property located in the District of Columbia by collecting advancements of rent from the lessee. A written stipulation, executed February 20, 1964, was filed by the attorneys of record conceding that under the Property Settlement Agreement appellant was indebted to appellee in the amounts of $8,784.85 for support payments in arrears and $1,014.12 by reason of the payment of certain of appellant's income taxes from joint funds.

After hearing, the trial judge found: (1) that appellant was in default under the Agreement in the total amount of $9,798.97, as conceded by the stipulation; (2) that between April 2, 1963, and February 15, 1964, appellant had paid only $25.00 toward the support and maintenance of appellee and the children, although able to pay more; (3) that appellee and the children had no independent income and relied for support upon contributions from appellant or advancements from jointly-held property; (4) that in May 1963 appellee requested the corporate tenant of the Washington, D. C., property to make advancements of rent to her because of her need of funds to pay realty taxes on her home, instalments upon the purchase of her automobile, and for the support of herself and the children; (5) that rent advancements had been made prior to appellee's request for them with appellant's knowledge and consent, and he received full credit for all advances; and (6) that appellant had refused, without good reason, to deed the residential property in Maryland to appellee as provided by the Agreement and as stipulated by him at pretrial.

A judgment thereon was accordingly entered on February 28, 1964, in favor of appellee for $9,798.97, which also ordered appellant to deliver a deed to appellee for the Maryland property. Appellant's counterclaim was dismissed. From this judgment, which was without prejudice to any other prior claim or cause of action not adjudicated therein, he has appealed.

Appellant's contention that the trial court erred in entering judgment for appellee by accepting her testimony rather than his is without merit. He argues principally that the collection by appellee of advancements of rent from the corporate tenant of the Washington, D. C., property was an unwarranted and material breach of the Agreement which precluded her from seeking relief under or enforcement of the Agreement.

■ ▇▇▇▇ In the absence of fraud, duress or concealment, a husband and wife may enter into a valid agreement respecting property rights and the custody of children which will be binding on the parties, if fairly and voluntarily made and if intended as a complete and final settlement of all property rights and claims between them. Such agreements are to be encouraged and when made should be enforced. LeBert-Francis v. LeBert-Francis, D.C.App., 194 A.2d 662, 663 (1963); LeBert-Francis v. LeBert-Francis, D.C.Mun.App., 175 A.2d 602, 603, 604 (1961). Agreements for support do not carry a presumption of illegality; on the contrary, good-faith guarantees of maintenance are favored in the law. Landa v. Austin, 90 U.S.App.D.C. 86, 193 F.2d 369 (1951). When a party to such an agreement, the husband may not refuse to furnish support to his wife and children according to its terms and at the same time insist upon his rights under the contract. Hammond v. Hammond, 76 U.S.App.D.C. 357, 131 F.2d 351 (1942). He cannot affirm a contract in part and repudiate it in part; he cannot accept the benefits while he

shirks the burdens. Not every breach of an agreement or failure by one party exactly to perform entitles the other to rescind or avoid performance. Cooper v. Cooper, D.C.Mun.App., 35 A.2d 921, 924 (1944). The Cooper decision cites the following from Blake v. Osmundson, 178 Iowa 121, 159 N.W. 766, 773:

> "[T]he act upon which the person bases his right to no longer be bound by the contract must involve an unqualified refusal by the other party to perform, and should, in its legal effect, amount to a determination not to be bound by, or perform, the contract in the future. A mere dispute as to the manner of the performance, a misunderstanding as to the manner in which it shall be performed, not persisted in, does not justify a rescission by the other party."

Here appellant had bound himself to provide $215.00 a week as support for appellee and the minor children. By stipulation of his own counsel, it was admitted he was in arrears in these weekly support payments totaling $8,784.85 to February 15, 1964. His failure to keep up the payments without valid grounds for doing so places him in no position to protest either appellee's efforts to collect income from the jointly-held property, essential for her support and maintenance, or to evade the enforcement of a judgment against him for the arrears.

The trial judge correctly determined that under the circumstances appellee was justified in seeking and obtaining the rent advances and that she did not materially violate the terms of the Agreement by her conduct so as to entitle appellant to refuse performance of his part of the same Agreement.

For like reasons, we find no error in that part of the judgment which requires appellant to remit to appellee the sum of $1,014.-12 for income taxes improperly paid by him from joint funds and to convey to appellee title to the property in Maryland.

As we find there was ample competent evidence in the record to support the findings of fact and conclusions of the trial judge, the judgment based on those factual determinations, including dismissal of the counterclaim, will not be disturbed. Gagnon v. Wright, D.C.App., 200 A.2d 196, 199 (1964).

While the appeal has been pending here, a suggestion of appellant's bankruptcy has been filed. Since the duty to support a wife and minor children does not arise from a business transaction, a judgment for support arrearages is not in the nature of a debt put in the form of a judgment.

> "The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes, and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce. * * Unless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children. * * *" Wetmore v. Markoe, 196 U.S. 68, 77, 25 S. Ct. 172, 175, 49 L.Ed. 390 (1904).

The bankruptcy of appellant therefore has no bearing on the disposition of this appeal. His obligation, based on the natural and legal duty of the husband and father to support and maintain his former wife and children, is saved from discharge in bankruptcy and subject to enforcement. Bankr.Act, § 17, sub. a(2), 11 U.S.C.A. § 35, sub. a(2); Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009 (1901). See also Norris v. Norris, 324 F.2d 826 (9th Cir.1963).

Affirmed.