454 P.2d 776

**Ilse B. NESBIT, Plaintiff-Appellant,**

v.

**Simon A. NESBIT, Defendant-Appellee.**

**No. 8680.**

Supreme Court of New Mexico.

May 26, 1969.

John B. Speer, Robert C. Resta, Albuquerque, for plaintiff-appellant.

Farlow & Duffy, Albuquerque, for defendant-appellee.

## OPINION

PER CURIAM.

Upon consideration of appellant's motion for rehearing, the original opinion is withdrawn and the following substituted therefor.

COMPTON, Justice.

The plaintiff appeals from an order refusing to hold the defendant in contempt.

The events leading up to the contempt proceedings are not disputed. The appellant had obtained a divorce from the appellee. The divorce decree awarded custody of the minor children to the appellant and ordered the appellee to pay support for the children, to pay the community debts, and to pay an attorney fee incurred by the appellant in the divorce proceedings. The court restrained the appellee from visiting a minor stepson. Prior to the contempt proceedings, appellee had moved to El Paso, Texas, and had been declared a bankrupt. In the meantime the minor stepson left the home of the mother and joined the Army, being stationed at Fort Bliss, Texas, near El Paso. There the appellee visited the stepson from time to time.

Thereafter the appellee was cited for contempt for (a) repeatedly violating the order against visiting the stepson, (b) for failing to pay the community debts, and (c) for failing to pay the attorney fee.

At the contempt hearing the court found and concluded that the restraining order against the appellee from visiting the stepson should be dissolved and that the appellee had discharged his obligation to pay the community debts since he had been adjudged a bankrupt. An order was entered accordingly; however, the court ordered appellee to pay the attorney fee even though this debt also had been scheduled in bankruptcy.

■ The appellant appeals from the points adverse to her. She maintains that under these facts the court should have found the appellee in contempt for violating its order restraining him from visiting the stepson. We are unable to agree with the appellant. We believe the court exercised proper discretion in refusing to hold appellee in contempt, and in removing the previous restraining order. See Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284, 48 A.L.R.2d 256. The paramount consideration was the welfare of the minor. Urzua v. Urzua, 67 N.M. 304, 355 P.2d 123; Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838. Here the stepson had left his maternal home to join the Army. Being stationed in a strange place it would be only natural under such circumstances that the stepfather and stepson seek the company of each other.

■ Appellant next contends that the court erred in holding that appellee has discharged his obligation to pay the community debts by being adjudicated a bankrupt. There is merit to this contention. An order to pay the community debts may be in the nature of an award of alimony or support money not dischargeable in bankruptcy. 11 U.S.C. § 35. The answer turns on whether the requirement was made as a part of a determination by the court of the amount reasonably required as support and maintenance for the wife and children. If such was the purpose and intent, it was exempt from discharge. If, on the other hand, it was a part of a property settlement, it was discharged. See Poolman v. Pool-

man, 289 F.2d 332 (8th Cir. 1961); In re Baldwin, 250 F.Supp. 533 (D.C.Neb.1966); Erickson v. Beardall, 20 Utah 2d 287, 437 P. 2d 210; 41 N.Car.L.Rev. 27 (1962–63). When we consider the divorce decree here in question, we see that appellee was ordered to pay appellant $275.00 per month as child support; the home where the parties lived and a 1961 Pontiac automobile were awarded to appellant, and appellee was ordered to pay the community debts and $400.00 attorney fees. It would seem to be obvious that if the community debts are not paid by appellee, they will remain as obligations of appellant, and any amounts she is required to pay on them would necessarily result in a reduction in the support money decreed and available for support of her children. A determination must be made as to whether the decree entered in the divorce proceeding required appellee to pay the community debts as a part of a division of property between the parties or as a necessary element in connection with the support and maintenance due the children. This is properly a function of the trial court in the first instance. See Carlton v. Superior Court, 240 Cal.App.2d 586, 49 Cal. Rptr. 759; Decker v. Decker, 52 Wash.2d 456, 326 P.2d 332. Compare Travis v. Travis, 203 A.2d 173 (D.C.App.1964); Holloway v. Holloway, 69 Wash.2d 243, 417 P.2d 961.

■■ However, apart from the question whether the award under the divorce decree is a provable debt, appellant argues that to accomplish a discharge the debt must be properly scheduled. This was not alleged or proved. Neither was it alleged nor proved that she was otherwise informed of the pendency of the bankruptcy proceeding. The burden was on the appellee to do this. First National Bank v. Strong, 228 Ky. 604, 15 S.W.2d 477, 478. Since it does not appear that the requirements of 11 U.S.C. § 35(a) (3) concerning scheduling were met, appellee could not avoid the citation for contempt by merely showing an adjudication as a bankrupt. This is true regardless of whether the debt was dis-

chargeable if properly scheduled. See 1 Collier on Bankruptcy, § 17.23 at 1677.

It follows that the cause should be reversed and remanded to the trial court with instructions to proceed in accord with the holding herein.

It is so ordered.

MOISE and TACKETT, JJ., concur.