558 P.2d 38

**Franziska SOSAYA, Plaintiff-Appellee,**

v.

**Manuel SOSAYA, Defendant-Appellant.**

**No. 11019.**

Supreme Court of New Mexico.

Jan. 4, 1977.

Houston, Housman, Freeman & Dawe, R. Thomas Dawe, Leslie G. Houston, Albuquerque, for defendant-appellant.

McCulloch, Grisham & Lawless, Stephen F. Lawless, Thomas L. Grisham, Albuquerque, for plaintiff-appellee.

OPINION

SOSA, Justice.

Defendant-appellant Manuel Sosaya was held in contempt of court for not paying debts pursuant to an order in his divorce decree and was sentenced to fifteen days in the county jail unless he paid them. He appeals.

A final decree of divorce was granted to plaintiff-appellee Franziska Sosaya on March 4, 1974. There were no children from the marriage and no alimony was awarded to the appellee. The decree ordered that "the plaintiff [Franziska] shall pay the indebtedness to American Furniture and Chryster [sic] Credit Corporation, and defendant [Manuel] shall pay the indebtedness to Rhodes, Bellas Hess Department Store, and Woolco Department Store." On August 14, 1975, Franziska filed a motion and order to show cause directing defendant to show cause why he should not be held in contempt for not paying the obligations. On February 11, 1976, Manuel filed for bankruptcy, and scheduled Woolco, Bellas Hess, Rhodes, and appellee as creditors. His obligations to them were discharged in bankruptcy. Rhodes, Woolco, and Bellas Hess then proceeded against appellee. Bellas Hess is garnishing her wages presently. The contempt hearing was held on February 26, 1976. On May 17, 1976, the trial court entered judgment holding Manuel in contempt.

Appellant argues that since those debts were dischargeable in bankruptcy, they are not subject to the continuing jurisdiction of the trial court and its contempt powers. Appellee argues that those debts were coupled with the trial court's *in personam* order to pay them, thus they are subject to the continuing jurisdiction of the trial court and its contempt power.

We have dealt with similar problems before. In *Nesbit v. Nesbit*, 80 N.M. 294, 454 P.2d 776 (1969), we stated that the distinguishing feature in determining whether a party may be held in contempt for failure to pay debts is whether the debt

was part of the division of property or whether the debt was a necessary element of the support and maintenance due the children. In *Nelson v. Nelson,* 82 N.M. 324, 481 P.2d 403 (1971), we in essence found that a person subject to an *in personam* order to pay a non-dischargeable debt (taxes) was subject to the trial court's contempt power if he failed to pay the debt. From this we hold that a person subject to an *in personam* order to pay a dischargeable debt is not subject to the trial court's contempt power, for to hold otherwise would circumvent the policy behind allowing bankruptcies.

The trial court is reversed, and the appellant is discharged from the trial court's contempt order.

McMANUS, J., and PAUL SNEAD, District Judge (sitting by designation), concur.